ANNIE LEE TAYLOR V. J. M. SANFORD, ADMINISTRATOR.

No. 2483.  Decided April 4, 1917.

**1.—Deed—Delivery.**

The law prescribes no form of words or action to constitute delivery of a deed. If it be so disposed of by the grantor as to evince clearly an intention on his part that it shall have effect as a conveyance, this is sufficient, without manual delivery to grantee.  (P. 345.)

**2.—Same—Case Stated.**

Grantor executed a deed of real property to grantee, caused it to be filed and recorded, and sent it to her by mail with a letter explaining his intention to make the property hers. He committed suicide on the next day, and the deed was not received by nor its existence known to her until after his death. Held that there was a completed delivery of the deed to grantee in the lifetime of the grantor. The facts that the deed did not reach her in his lifetime, and that it was in his power to recall possession after placing it in the mail, were immaterial.  (Pp. 343-346.)

**3.—Deed—Acceptance.**

That the grantee did not receive nor know of a deed of gift recorded and sent to her by mail until after the death of the grantor, and that it required of her assumption of some existing incumbrances against the property, did not defeat the conveyance for want of acceptance in his lifetime,—she having accepted and assumed payment of the incumbrances on learning the facts.  (P. 346.)

**4.—Same—Presumption.**

A delivered instrument amounting to a deed of gift should operate by a presumed assent of grantee until a dissent or disclaimer appears.  (P. 346.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Randall County.

Sanford, as administrator, sued Taylor to cancel a deed made by decedent. Plaintiff had judgment, which was affirmed on appeal by defendant (150 S. W., 262), who thereupon obtained writ of error.

*A. S. Rollins and J. C. Hunt,* for plaintiff in error.—The trial court erred in giving a peremptory instruction for the plaintiff and not giving a peremptory instruction for the defendant because the evidence is uncontradicted that the deed from R. H. Sanford to Annie Lee Taylor was delivered. McCartney v. McCartney, 53 S. W., 388; Newton v. Emerson, Talcott & Co., 66 Texas, 147; Holliday v. White, 33 Texas, 460; Atkins v. Globe Bank & T. Co. (Ky.), 124 S. W., 879; Chambers v. Chambers (Mo.), 127 S. W., 86; Standiford v. Standiford (Mo.), 10 S. W., 836; Munro v. Bowles (Notes), 54 L. R. A., 884; Harmon v. Bowers (Kan.), 16 A. & E. Ann. Cases, 121; Sheffield L. I. & C. Co. v. Neill (Ala.), 6 So., 1; Lewis v. Watson (Ala.), 13 So., 570; Chancellor v. Teel (Ala.), 37 So., 665.

The expressed intention of R. H. Sanford, as contained in the letter of June 14, 1911, when taken in connection with the fact that the deed had already been executed, filed and recorded, makes certain the delivery of same to appellant. Martin v. Martin (Neb.), 14 A. & E. Ann. Cases, 511; Harmon v. Bowers (Kan.), 16 A. & E. Ann. Cases, 121.

The fact of the execution of the deed, filing same for record, mailing it to appellant after record, and writing appellant a letter in which R. H. Sanford insists that appellant must keep the property are circumstances tending to show delivery, and such question at least should have been submitted to the jury.  Walker v. Erwin, 106 S. W., 164; McCartney v. McCartney, 93 Texas, 359, 53 S. W., 390; Lord v. N. Y. Life Ins. Co., 27 Texas Civ. App., 139, 65 S. W., 701; Emmons v. Harding (Ind.), 1 A. & E. Ann. Cases, 864; Boody v. Davis (N. H.), 51 Am. Dec., 210; Blight v. Schenck (Pa.), 51 Am. Dec., 478; Peavey v. Tilton (N. H.), 45 Am. Dec., 365; Lady Superior v. McNamara, 3 Barb. Ch., 375, 49 Am. Dec., 184; Merrills v. Swift, 18 Conn., 257, 46 Am. Dec., 315.

If express acceptance is required appellant had the right to accept the deed after the death of R. H. Sanford.  Peters v. Berkmeier, 184 Mo., 393, 83 S. W., 747.

*Madden, Truelove, Ryburn & Pipkin, W. H. Kimbrough,* and *Ramsey, Black & Ramsey,* for defendant in error.—To effect and constitute a valid delivery of the deed to the plaintiff in error, it is essential that she should have accepted the same.  A valid delivery in law embraces two elements:  First, the act of delivery by the grantor with intent to part with the title; and, second, the acceptance of the delivery by the grantee with intent to take the title.  Tuttle v. Turner, 28 Texas, 759-773; Croom v. Jerome Hill Cot. Co., 15 Texas Civ. App., 328, 40 S. W., 146; Younge v. Guilbeau, 3 Wall., 636-641; Hawkes v. Pike, 105 Mass., 560, 7 Am. Rep., 554; Union Mutual Ins. Co. v. Campbell, 95 Ill., 267, 35 Am. Rep., 166; Herbert v. Herbert, 12 Am. Dec., 192; Rittmaster v. Brisbane, 35 Pac., 736; Devlin on Deeds, vol. 1, sec. 285, and authorities cited; Jones on Real Property and Conveyancing, vol. 2, sec. 1276, and authorities cited.

The acceptance of a deed by the grantee may be either actual or presumptive, but it is held in this State, as well as generally, that "the presumption that a party will accept a deed because it is beneficial to him will never be carried so far as to consider him as having accepted it."  Tuttle v. Turner, 28 Texas, 773, per Coke, J., citing 4 Kent Com., 454, and Hulick v. Scovill, 4 Gilm., 159; also Devlin on Deeds, vol. 1, sec. 285, quoting the above with approval.

The acceptance of a deed is never presumed where the deed imposes burdens and obligations on the grantee to be performed by him.  In such case his acceptance must be shown, not by resort to mere presumption, but by actual evidence just as in the case of any other contract.  Cravens v. Rossiter (Mo.), 22 S. W., 736, 38 Am. St. Rep., 606; Insurance Co. v. Campbell, 35 Am. Rep., 166; Kellogg v. Cook (Wash.), 52 Pac., 233; Rittmaster v. Brisbane (Colo.), 35 Pac., 736; Gifford v. Corrigan, 105 N. Y., 223; Thompson v. Dearborn, 107 Ill., 87; Best v. Brown, 25 Hun, 223; Derry Bank v. Webster, 44 N. H., 264-268; Johnson v.

Farley, 45 N. H., 505; Swisher v. Palmer, 106 Ill. App., 435; Renfro v. Harrison, 10 Mo., 411; Gifford v. McCloskey, 38 Hun, 350; Bunnell v. Bunnell (Ky.), 64 S. W., 420; Jefferson County B. Assn. v. Heil, 81 Ky., 513; Day v. Griffith, 15 Iowa, 104; Spinney v. Portsmouth Hosiery Co., 25 N H., 9; Hibberd v. Smith, 67 Cal., 547; Deere v. Nelson, 73 Iowa, 186; Parmalee v. Simpson, 5 Wall., 81; Devlin on Deeds, vol. 1, secs. 293, 293a, 285; Jones on Real Estate and Conveyancing, vol. 2, secs. 1282, 1283 and 1291; Encyclopedia of Evidence, vol. 4, p. 179; Tiedeman on Real Property, sec. 814; Milling Co. v. Eaton, 86 Texas, 401.

There was no presumptive acceptance of the deed by the plaintiff in error during the lifetime of Sanford for the reason that she had no knowledge of the existence of the deed and the deed was not a deed of gift but was one imposing upon her onerous burdens and conditions, the terms of which were never communicated to her, and, therefore, never accepted by her prior to his death. Jones on Real Estate and Conveyancing, vol. 2, sec. 1283; see also Jones on Mortgages, vol. 1, sec. 752, and all of the authorities cited under the last preceding proposition. Milling Co. v. Eaton, 86 Texas, 401-409-10.

The rule that the execution and recording of a deed is prima facie evidence of its delivery has no application to the execution and recording of a deed to an adult grantee, of which she had no knowledge and which is not a deed of gift but one imposing upon her the burden of assuming an incumbrance on the property and the performance of other onerous conditions. The execution and recording of such a deed is no evidence whatever of its delivery to and acceptance by the grantee. Deere v. Nelson, 73 Iowa, 186; Kellogg v. Cook, 52 Pac., 233; Thompson v. Dearborn, 107 Ill., 87; Parmalee v. Simpson, 5 Wall., 81 (see page 86); Gifford v. Corrigan, 105 N. Y., 223; Cravens v. Rossiter (Mo.), 22 S. W., 736, 38 Am. St. Rep., 606; Younge v. Guilbeau, 3 Wall., 636; Tuttle v. Turner, 28 Texas, 773 (as basis for presumptive acceptance necessary to show knowledge of deed); Givens v. Ott (Mo.), 121 S. W., 26; Union Mutual Ins. Co. v. Campbell, 35 Am. Rep., 166; Herbert v. Herbert, 12 Am. Dec., 192; Devlin on Deeds, secs. 290, 293, 293a, 285a; Barns v. Hatch, 3 N. H., 304, 14 Am. Dec., 369; Derry Bank v. Webster, 44 N. H., 264; Rittmaster v. Brisbane, 35 Pac., 736; Union Mutual Ins. Co. v. Campbell, 35 Am. Rep., 166; Day v. Griffith, 15 Iowa, 104; Jefferson County Bldg. Assn. v. Heil, 81 Ky., 513; Hawkes v. Pike, 105 Mass., 560; Jackson v. Phipps, 12 Johns., 418.

The deed in question amounted to no more than an offer from Sanford to convey the property to the plaintiff in error upon certain terms and conditions, never communicated to, or accepted by, her during the lifetime of Sanford, and his death revoked the offer and her actual acceptance after his death was wholly nugatory. Bullitt v. Taylor (Miss.), 69 Am. Dec., 412-417; Otto v. Doty, 61 Iowa, 23, 15 N. W., 578; Herbert v. Herbert, 12 Am. Dec., 192-196; Deere v. Nelson, 73 Iowa, 186; Cravens v. Rossiter (Mo.), 38 Am. St. Rep., 606; Union

Mutual Ins. Co. v. Campbell, 35 Am. Rep., 166; Benneson v. Aiken, 102 Ill., 284, 40 Am. Rep., 592; Devlin on Deeds, sec. 279; Taft v. Taft, 59 Mich., 185; Elliott on Contracts, vol. 1, sec. 35 (on lapse of offer by death); Clark on Contracts, p. 37; Page on Contracts, vol. 1, p. 48 (death of offerer before acceptance revokes offer); Cyc., vol. 9, p. 293, and authorities cited.

To constitute an effective and valid delivery it must be shown that there was either an actual or presumptive acceptance of the deed by the grantee during the lifetime of the grantor. Especially is this true when the deed is executed without the previous knowledge of the grantee and, by its terms, imposes onerous burdens and conditions upon her. Therefore, it appearing that there was no actual or presumptive acceptance of this deed by the plaintiff in error during the lifetime of Sanford, there was no valid and sufficient delivery of the deed. See same authorities.

There was no delivery of this deed during the lifetime of Sanford, for the reason that it did not pass beyond his control during his lifetime. Jones on Real Estate and Conveyancing, vol. 2, sec. 1267, and authorities cited; Devlin on Deeds, vol. 1, sec. 279. The recording and mailing of the deed did not place it beyond his control because it was both actually and legally subject to recall until it was received, and the proposition contained in it accepted, by the grantee. The sender of a letter may recall it at any time before delivery. Cyc., vol. 9, p. 297. That recording without the knowledge of the grantee of this deed, based upon an onerous consideration did not amount to delivery. See authorities cited under sixth proposition. That offer is subject to be recalled until actually accepted. See Eliott on Contracts, vol. 1, secs. 33 to 36, inclusive, and the authorities cited under the preceding paragraph.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was by J. M. Sanford, administrator of the estate of R. H. Sanford, deceased, to cancel a deed of R. H. Sanford to Annie Lee Taylor conveying certain property in Canyon, Texas. The deed was executed and acknowledged by R. H. Sanford on June 14, 1911. It recited that Miss Taylor was to assume the payment of three vendor's lien notes against the property, aggregating $750, principal, and that a part of its consideration was the conveyance by Miss Taylor to Sanford of a lot in the town of Hamlin, in Jones County, and a 40-acre tract of land in Presidio County. Sanford was the sheriff and tax collector of Randall County. Miss Taylor was his office clerk and stenographer. There was evidence tending to show that Sanford and she had been engaged to be married. She had loaned Sanford some of her private means, which had not been repaid. Sanford was due the State of Texas and Randall County approximately $1000 for taxes which he had collected and for which he had not accounted, and was in a state of some financial embarrassment. He committed suicide on June 15, 1911, the day following his execution of the deed to Miss Taylor.

After executing the deed on June 14, Sanford immediately filed it for record in the office of the county clerk, and, on the same day, following its record, mailed it to Miss Taylor, who at that time was visiting her home in another county of the State. He likewise immediately mailed her in the same or a separate enclosure two deeds for her execution conveying to him the lot in Hamlin and the tract of land in Presidio County, mentioned in his deed to her. Accompanying the deed to Miss Taylor was the following letter from Sanford addressed to her:

"Canyon, Texas, June 14, '11.

"Dear Lee: I am sending you some deeds to sign, herewith, also enclosed a lot of other papers which are yours. Yours to keep. I want you to have them as I am deeding to you my house and the 4 lots where Cannon lives. The deed I am putting on record here and as soon as it is recorded it will be sent to you. I want you to have the house as it will make you a good living and also funish you a home. Keep it, darling, as a gift from me. Under no circumstances don't give it up unless you sell it in order to support yourself. You will see from the deed that there are. three notes standing against it that will fall due, one this fall on Sept. 10th, for $250. Also the interest on the other two will become due at that time, the 2nd note will be due one year from that date and one year later the last one will be due. Of course you can pay them sooner if you choose. Please execute the two deeds to the Hamlin and the Presidio property as drawn, sign them before a notary public and send them to the Co. Clerk at Anson and Marfa to have recorded. Send a dollar with each and have them returned to me here. This is to show a consideration in your deed and is made a part of the consideration. I know you will not feel like you should accept this from me, but you must as it is my wish and I can't think of doing otherwise. It costs me more to write this than you will ever know, but the only satisfaction that I am to get is to know that I am leaving you provided for as my foster and adopted sister. . . . I will send you a draft for $400. Will send it to the bank there or may send it direct. This will leave you in good shape as the house is well worth $4000 and should rent for from $30 to $40 per month. I am sure you can get it insured for $3000 next time after this policy runs out. I will just leave everything I have in the house and that you and Mack can dispose of. When you return to see about it, bring this letter and show it to him, and he will understand all. I have foreseen this for some time, but thought I could get it all shaped up. I see that I can't and it is no fault of mine. If I could have gotten it all adjusted, we would have gotten married and lived as happy as is the lot of any couple. I could not marry you tho' unless I could provide for you as I wanted to and now this is the only course for me to pursue. You know how some of the people here feel toward me since the city election, and but for that I could go through. They will swear anything and can and will ruin me if I try to stay. Now, Darling,

I know you will forgive me for all the little worries I have caused you in the last few months when it seemed to you that I had changed toward you. It was not that but I just could not tell you. It hurt me more than it did you. No matter what some may think, I know you to be a pure Christian girl sure as there are only very few. Remember me kindly always. Good-bye Darling, Lovingly, Dick.

"The $400 is bal. payment on the $500 I owe you. Dick."

Miss Taylor received the deed and other documents at Canyon on June 19th, where she immediately went on learning of Sanford's death, his letter or letters to her having been forwarded to her at that place. Her testimony upon the trial was that it was her intention, as soon as she learned of the deed, to accept the property under it and on the terms therein stipulated. She paid off one of the vendor's lien notes against the property, and on July 21, 1911, executed and acknowledged the two deeds which Sanford had sent her for execution in mailing his deed to her. Neither of her deeds was delivered nor tendered for delivery to anyone representing Sanford's estate prior to the time of the trial of the present suit, but during its trial both were tendered by her in open court, the trial occurring in November, 1911.

The only question in the case is whether there was a delivery of the deed from Sanford to Miss Taylor.

The law prescribes no form of words or action to constitute the delivery of a deed. It will not divest a grantor of his title by declaring his deed effective when his purpose was to withhold it from the grantee. Neither will it deprive the grantee of his rights where it was the grantor's intention to invest him with the title, though there be no manual delivery of the instrument. The question in all such cases is that of the grantor's intention. If the instrument be so disposed of by him, whatever his action, as to clearly evince an intention on his part that it shall have effect as a conveyance, it is a sufficient delivery. 2 Jones, Law of Real Property, sec. 1220; 1 Devlin on Deeds, sec. 269.

That such was Sanford's intention with respect to the deed in controversy is, we think, unmistakable. It is clear that the deed was executed, caused to be recorded, and was mailed by him in contemplation of his death, and so as to at once invest Miss Taylor with the title. It is equally certain that he intended the property as a gift to her. Nothing could be more plainly revealed. The property was Sanford's, and, no rights of creditors being involved, he had the power to give it away if he chose. If such was his intention, the law should effectuate it, rather than indulge in nice distinctions and thereby thwart what was plainly his purpose. That it was within Sanford's power, at any time before his death, to recall the deed from the mail where he had placed it for transmission to the grantee, and thereby prevent its physical delivery to her, is immaterial. He did not recall it. Nor did he make any attempt to do so. On the contrary, everything about the transaction shows that at the time his letter was written,—the day

before his death, he regarded it as an executed gift. With this true and clearly evidencing an intention that the deed should have immediate effect, it is of no consequence that it did not reach the hands of the grantee before his death, or that it was within his power to regain its physical possession. If what the law regards as a delivery had been accomplished, his regaining physical custody of the instrument would not have defeated it. Brown v. Brown, 61 Texas, 56; Henry v. Phillips, 105 Texas, 459, 151 S. W., 533.

True, the gift imposed upon Miss Taylor the assumption of the payment of the three notes against the property and her conveyance to Sanford of the lot in Hamlin and the 40-acre tract in Presidio County, and required her acceptance of it, since no person can be made a grantee of property against his will. But she accepted it. She could not be expected to either accept or reject the gift until she knew of it; and since she did not know of it until after Sanford's death, her acceptance of it then sufficed. Burkey v. Burkey (Mo. Sup.), 175 S. W., 623. As a rule of reason and common sense, a delivered instrument plainly amounting to a deed of gift should operate by a presumed assent until a dissent or disclaimer appears. Dikes v. Miller, 24 Texas, 417.

The judgments of the District Court and Court of Civil Appeals are reversed, and judgment is here rendered for the plaintiff in error.

*Reversed and rendered.*