### KERBOW et al. v. SPRINKLES et al.
### (No. 2941.)

(Court of Civil of Appeals of Texas. Texarkana. June 12, 1924. Rehearing Denied June 19, 1924.)

1. **Deeds ⌾211(1)—Evidence held insufficient to set aside deed for mental incapacity of grantor.**

In suit by children of grantor after her death, to set aside a deed to two other sons because of grantor's mental incapacity, evidence *held* to require judgment for defendants.

2. **Deeds ⌾68(1½)—Essentials of mental capacity to convey stated.**

Grantor having mind enough to know the grantees in her deed, the property she was conveying, and the legal effect of the instrument she was executing, is mentally qualified to convey.

Error from District Court, Delta County; Geo. B. Hall, Judge.

Suit by Martha Sprinkles and others against S. D. Kerbow and others. Judgment for plaintiffs, and defendants bring error. Reversed and rendered.

A. T. Stell, of Cooper, and McMahon & Dohoney, of Greenville, for plaintiffs in error.

C. C. McKinney and L. L. James, both of Cooper, for defendants in error.

HODGES, J. [1] The parties to this suit are the children and heirs of Mrs. Mary A. Kerbow, deceased. In December, 1917, a few years prior to her death, Mrs. Kerbow executed a deed conveying a tract of 67 acres of land and a city lot to her two sons, the plaintiffs in error. The consideration expressed in the deed was $10 and love and affection. After her death the defendants in error brought a suit to cancel the deed, alleging undue influence and the mental incapacity of the grantor. The charge of undue influence was abandoned in the trial, and the issue of mental incapacity alone was submitted to the jury. Upon a finding that Mrs. Kerbow was of unsound mind, the court entered a judgment canceling the deed. In this appeal the principal ground relied on for a reversal is the insufficiency of the evidence to support the finding of the jury.

In 1913 Mrs. Kerbow made a will bequeathing the property in controversy to her two sons. About four years later she made the deed here sought to be set aside. She was then 76 years of age. The evidence shows that she was in bad health and was failing physically as she grew older, that her mind had been weakened by age, and that her memory was defective. There is some conflict in the opinions of the witnesses who testified concerning her mental condition. Some of them stated that her mind was unsound, but she was not what they would call "crazy." Her mind was more like that of a child, simply weakened by age and disease. Other witnesses testified that, while her mind was weak and her memory bad, she was mentally sound. An attorney with whom she had been acquainted many years testified that he wrote the deed at her instance. He had written her will previous to that time. He stated that on one occasion as he was passing her house she asked him what difference there was in a deed and a will, and wanted to know about the expense connected with the making of a deed and the administration of an estate under a will. After an explanation she told him that she did not want her two sons, Dave and Will, the plaintiffs in error, to have to go into court and spend a lot of money to get a title to the land. After some further conversation she told him to prepare the deed, which he did. He later carried it to her house, read it to her, and fully explained it. She told him that it was just what she wanted, and then signed and acknowledged it before him. She also gave a reason why she was giving her property to her two sons instead of dividing it among all her children. This witness apparently had no financial interest in this controversy, and the facts he stated were not disputed.

[2] It may be conceded that Mrs. Kerbow was feeble physically and that her mind was much weakened by age; but it does not necessarily follow that she was mentally incapable of making a valid conveyance of her property. The plaintiffs below had the burden of proving her mental incapacity, and we think they have failed to discharge that burden. The mass of testimony brought up in the record shows without much doubt that Mrs. Kerbow had mind enough to know the grantees in her deed, and the property she was conveying. She also had mind enough to understand the legal effect of the instrument she was executing. If that was her condition, then Mrs. Kerbow was mentally qualified to convey her property. There is nothing in the nature of the conveyance which indicates unnatural feeling. The grantees were two sons upon whom she had for several years relied for assistance. There were other circumstances which would tend to justify a discrimination against the other children.

---

⌾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is unnecessary to further set out the testimony adduced upon the trial of this case. We think the finding of the jury was clearly against the great weight of the evidence. The judgment will therefore be reversed, and judgment here rendered in favor of the plaintiffs in error.