**SPRINKLES et al. v. KERBOW et al.
(No. 714–4279.)**

(Commission of Appeals of Texas, Section A.
Feb. 3, 1926.)

**1. Appeal and error ⟨key⟩1083(3)—Finding of
Court of Civil Appeals, that finding of jury
as to lack of capacity was against weight of
evidence, a finding of fact and not conclu-
sion of law authorizing review of evidence
by Supreme Court.**

Where on appeal Court of Civil Appeals
found that finding of jury as to lack of capacity
of party to make deed was clearly against the
great weight of the evidence, such finding was
a finding of fact binding upon Supreme Court,
and not a conclusion of law which would give
Supreme Court authority to review evidence.

**2. Appeal and error ⟨key⟩1094(1)—Commission
of Appeals without authority to disturb find-
ing of fact.**

Commission of Appeals *held* without au-
thority to disturb finding of fact.

**3. Appeal and error ⟨key⟩1114—On finding that
verdict was against weight of evidence, Court
of Civil Appeals was without authority to
render judgment, and Supreme Court must
render proper judgment.**

Where Court of Civil Appeals on appeal
found, as a matter of fact, that verdict of jury
below was against the weight of the evidence,
it was without authority to render judgment,
but should have remanded cause for retrial,
and on appeal from judgment so rendered,
Supreme Court, in view of Rev. St. 1925, art.
1771, must reverse such judgment, and enter
judgment which Court of Civil Appeals should
have rendered.

Error to Court of Civil Appeals of Sixth
Supreme Judicial District.

Suit by Martha Sprinkles and others
against S. D. Kerbow and others. Judgment
of the Court of Civil Appeals was entered
(264 S. W. 115), reversing a judgment of the
district court for plaintiffs, and rendering
judgment for defendants, and plaintiffs bring
error. Judgments of Court of Civil Appeals
and of district court reversed, and case re-
manded.

C. C. McKinney, of Cooper, Clark & Clark,
of Greenville, and Ben D. Clower and L. L.
James, both of Cooper, for plaintiffs in error.

A. T. Stell, of Cooper, and McMahan & Do-
honey, of Greenville, for defendants in error.

NICKELS, J. The suit, as tried, involved
the question of whether or not Mrs. Mary
Kerbow (since deceased), at the time of the
execution by her of the deed in question, was
possessed of sufficient mental capacity to en-
able her to make the deed and its grant.

[1] Upon appeal the honorable Court of
Civil Appeals (264 S. W. 115) expressed this
conclusion, "We think the finding of the jury
was clearly against the great weight of the
evidence," the jury having found lack of suf-
ficient capacity. This involved a finding of
fact, in the exercise of the constitutional ju-
risdiction of that court, and it is binding up-
on the Supreme Court. It is not a finding, or
conclusion, that there is no evidence to sup-
port the jury's verdict; hence, it is not a
conclusion of law which would give the Su-
preme Court power to review the evidence.

[2, 3] This court is without authority to
disturb the finding of fact. Wilson v. Free-
man, Receiver, 108 Tex. 121, 185 S. W. 993,
Ann. Cas. 1918D, 1203. But the finding, hav-
ing been made, also conclusively determined
what disposition should have been made of
the case by the Court of Civil Appeals; a re-
mand of the case for another trial ought to
have followed, as a matter of course, and
that court was without authority to render
judgment for S. D. and W. R. Kerbow, as it
attempted to do. Choate v. San Antonio,
etc., Ry. Co., 91 Tex. 406, 44 S. W. 69; Brown
v. City Service Co. (Tex. Com. App.) 245 S.
W. 656, 658. And it is now the duty of the
Supreme Court to reverse the judgment of
the Court of Civil Appeals and to render the
judgment which that court should have ren-
dered (article 1771, R. S. 1925), namely, a
reversal of the judgment of the district court
and a remand of the cause for retrial.

We realize that the situation which will be
presented to the district judge upon the new
trial may be confusing, in view of the deduc-
tion (expressed by the honorable Court of
Civil Appeals) to the effect that Mrs. Kerbow
was possessed of sufficient capacity to make
the deed. Hence, we believe it proper to add
that we have examined the evidence in re-
spect to that conclusion of law, and think it
is amply sufficient to present an issue for
the jury. Ordinarily, of course, an affirm-
ance, instead of a reversal, ought to follow;
but an anomalous situation has been created
by the concurrent existence of the finding of
fact and the conclusion of law above men-
tioned of such a nature as to preclude an af-
firmance.

Accordingly, we recommend that the judg-
ments of the Court of Civil Appeals and of
the district court be reversed and that the
cause be remanded.

CURETON, C. J. The judgment recom-
mended in the report of the Commission of
Appeals is adopted, and will be entered as
the judgment of the Supreme Court.

We approve the holding of the Commission
of Appeals on the questions discussed in its
opinion.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes