## HACKEL et al. v. FORD et al.

### No. 4143.

Court of Civil Appeals of Texas. Texarkana.
March 25, 1932.

Rehearing Denied April 7, 1932.

Moore & Moore, of Paris, for appellants.

Dohoney, Beauchamp & Lawrence and Long & Wortham, all of Paris, for appellees.

WILLSON, C. J. (after stating the case as above).

The parties seem to be in the attitude of agreeing that the controlling questions in the case as it was tried in the court below, and as it appears in the record sent to this court, were: First, as to whether the deed of June 1, 1911, referred to in the statement above, was delivered by the Rutherfords to Mrs. Hackel; and, second, as to whether said deed was accepted by Mrs. Hackel.

█ █ It is held that proof that a deed was recorded at the instance of the grantors is sufficient, prima facie, to show that such deed was delivered to the grantee at the time it was recorded. Breckenridge v. Coffield (Tex. Civ. App.) 283 S. W. 310; McCartney v. McCartney (Tex. Civ. App.) 53 S. W. 388. In their pleadings appellees admitted that the Rutherfords had the deed recorded June 6, 1911, but they (appellees) alleged that the act of the Rutherfords in having it recorded was due to "mistake and inadvertence" on their part. The allegation was without evidence to support it, and, as we view the record, the presumption that the deed was duly delivered, arising from the proof that it was placed of record as stated, was not in any way rebutted.

█ It was undisputed in the evidence that Mrs. Hackel did not know the deed existed until May, 1929, which was after the death of the Rutherfords, and undisputed, further, that Mrs. Hackel accepted the deed and claimed title to the land under it as soon as she learned of its existence. It has been held that the fact that the grantor in a deed is dead does not render a grantee's acceptance thereof inoperative. Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660.

█ On the case so far as stated, we think it ought to be held it appeared as a matter of law that the deed became effective as a conveyance when it was recorded, unless it should be said that the uncontradicted testimony of Mrs. Hackel that she accepted the deed could not be treated as conclusive of the fact that she did accept it. We think that testimony was strengthened by the presumption the law indulged that the deed was accepted (Dikes v. Miller, 24 Tex. 417; Miller v. Miller, 91 Kan. 1, 136 P. 953, L. R. A. 1915A, 671, Ann. Cas. 1917A, 918), and that it should be treated as sufficiently establishing the acceptance of the deed.

█ By such acceptance Mrs. Hackel became bound by the terms of the deed, but her failure to comply with such terms did not divest her of the title she thereby acquired to the land. Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660. The liability she incurred by the acceptance could have been enforced by proper proceedings, by proper parties, commenced at a proper time.

It follows from what has been said we think the judgment should have been in favor of Mrs. Hackel instead of in favor, as it was, of the appellees, unless she (Mrs. Hackel) was bound by the deed in which she joined other heirs of the Rutherfords in conveying their interest in the land as heirs to J. K. P. Campbell. Appellants' contention with reference to this deed was that it was without a consideration, and that, being ignorant of the existence of the deed of June 1, 1911, they were induced to execute it by representations made to them that the title to the land was then in the Rutherfords, whereas they had conveyed same to Mrs. Hackel. As we understand appellees, they are not in the attitude of claiming that any effect should be given that deed, for in their brief they say: "If title passed under this deed (of June 1, 1911) to Mrs. Hackel, then the deed to J. K. P. Campbell of her interest in the estate of Mr. and Mrs. Rutherford as an heir passed no title whether the consideration as to Mrs. Hackel did or did not fail."

The judgment will be reversed, and judgment will be rendered in favor of appellants.

SELLERS, J., not sitting because of relationship to the parties.

On Motion of Appellees for a Rehearing.

█ It is insisted in the motion that this court erred when, reversing the judgment in appellees' favor, it rendered judgment in appellants' favor.

The contention should be sustained if the question made by the evidence as to whether Mrs. Hackel accepted the deed to her was one of fact; for in that event this court did not have a right in the face of the finding of the jury that she did not accept the deed to here render judgment in her favor. Sprinkles v. Kerbow (Tex. Com. App.) 279 S. W. 805. But if the question so made was one of law it ought not to have been submitted to the jury, and their determination of it was without legal effect.

In the presentation of the appeal the parties were not in disagreement, but were urging, in effect, that the question was one purely of law for the court's determination. It was in keeping with that view of the matter that this court ignored the finding of the jury and rendered the judgment in favor of appellants. We are not convinced that the course pursued was erroneous, and therefore overrule the motion.

SELLERS, J., not sitting.