**KINCHELOE et al. v. KINCHELOE et al.**

No. 5234.

Court of Civil Appeals of Texas. Amarillo.

June 9, 1941.

Rehearing Denied June 23, 1941.

Berry, Warlick & Bunnenberg, of Vernon, for plaintiffs in error.

L. P. Bonner and Storey, Storey & Donaghey, all of Vernon, for defendants in error.

FOLLEY, Justice.

This suit was filed by eight children and one grandchild of J. H. Kincheloe and wife, Margaret Kincheloe, both deceased, against three other of the children and another grandchild to set aside two deeds executed by J. H. Kincheloe in favor of his son, A. W. B. Kincheloe, involving two tracts of land in Wilbarger County, Texas.

The parties shall carry their trial court designations.

To the marital union of J. H. Kincheloe and Margaret Kincheloe were born twelve children all of whom are living except one

son who left surviving him two daughters as his only heirs at law. During the married life of J. H. Kincheloe and Margaret Kincheloe they accumulated a considerable community estate of both real and personal property. The real property consisted of farm lands in Wilbarger and Dallam Counties and certain business buildings in the City of Vernon, Wilbarger County, Texas.

Mrs. Margaret Kincheloe died intestate on June 30, 1936. Thereafter by an instrument of the date of July 15, 1936 a partition of the real estate of the community was effected between J. H. Kincheloe and his eleven children and the two grandchildren. By another instrument of the same date the children and grandchildren released to J. H. Kincheloe the lands set apart to him in the partition deed. In the latter instrument they agreed that they had received more than their share of the lands of the community estate and by virtue of such fact further agreed that J. H. Kincheloe should have all the personal property of the estate.

On October 5, 1936, J. H. Kincheloe executed and acknowledged the first deed under attack purporting to convey to his son, A. W. B. Kincheloe, at the death of the grantor the fee title to the N.E.¼ of Section 13 and a certain portion of Section 40, in Block 9, H. & T. C. Ry. Co. Survey in Wilbarger County. Such deed recited a consideration of $10 and love and affection and further that it was "in appreciation of the faithful services rendered unto myself and my deceased wife, Margaret Kincheloe, during the declining years of our lives and for services to be rendered unto me by my said son during the remaining years of my natural life, and in assisting me with my business affairs and rendering personal services as have been rendered in the past". The deed also contained this further stipulation: "It is understood by me and it is my intention that this deed shall become effective at my death and fee title pass to the grantee herein at such time."

On January 18, 1938, J. H. Kincheloe executed and acknowledged the second deed under attack in which he purported to convey to the same son at the death of the grantor the S.W.¼ of Section 13, Block 9, H. & T. C. Ry. Co. Survey in Wilbarger County. This deed also recited a consideration of $10 and love and affection and in appreciation for the assistance theretofore rendered the grantor by the grantee. In this deed the grantor reserved to himself during his lifetime the rents and revenues to be derived from the land and further stipulated that upon his death "this deed becomes absolute fee simple title in the grantee".

On September 25, 1937, between the respective dates of the above two deeds, J. H. Kincheloe was married to Eula Kincheloe. On October 28, 1938, upon the cross-action of Eula Kincheloe in a suit for divorce brought by J. H. Kincheloe, a judgment for divorce was granted the former in the district court of Wilbarger County in which there was included an agreed property settlement between the parties which was approved and adopted by the court. In such agreement it was stipulated that in satisfaction of the homestead and other rights of the wife in the separate property of J. H. Kincheloe the latter had deeded to her certain city property in the town of Vernon and she in turn agreed to release all claims to the separate property of J. H. Kincheloe. These proceedings are material to the present controversy only by reason of the further fact that in the stipulation of the parties incorporated in the judgment the property theretofore purportedly conveyed to A. W. B. Kincheloe in the above two deeds was described in such separation agreement as being a portion of the separate property of J. H. Kincheloe.

On January 3, 1939, J. H. Kincheloe died at about the age of 86 years, leaving a will dated August 12, 1936. In it the two grandchildren, representing the one share of the deceased son, and the eleven living children of the deceased were beneficiaries in equal shares of the deceased's estate, subject, however, to a trust estate created by the will by which the business property of the deceased in the City of Vernon was to be held in trust for a period of 21 years for the benefit of the children and grandchildren, the revenues therefrom to be paid to them quarterly and at the end of the trust period the property to be divided among the eleven children and the two grandchildren. A. W. B. Kincheloe and two others who were not members of the family were appointed trustees and executors under the will. The will was duly probated and with reference to it there is no controversy.

This suit was brought by James A. Kincheloe and seven other children and one grandchild of the deceased against A. W. B. Kincheloe and the other two children and one grandchild. Where necessary the respective spouses of the parties were joined

in the suit either as plaintiffs or defendants. Actually the suit was directed only against A. W. B. Kincheloe, the other two children and the one grandchild having been made defendants because they refused to join as plaintiffs.

It was alleged by the plaintiffs that the two deeds executed by the deceased were invalid and void because (1) the deceased had agreed in connection with the partition of the property to devise to them and the other heirs share and share alike the property conveyed to A. W. B. Kincheloe in the deeds; (2) that the deeds were never delivered nor was a delivery intended by the grantor; (3) that the deceased was not of sound mind at the time the deeds were executed; (4) that in making the deeds he was unduly influenced by the grantee; (5) that the deeds were without consideration; and (6) that the deeds were only testamentary in character and as such were void for want of the necessary formalities to make them operative as a testament.

A. W. B. Kincheloe filed an answer containing numerous exceptions and pleas not here necessary to mention. Suffice it to say that he joined issue with the plaintiffs upon all their material allegations and in particular asserted a delivery of the deeds in question during the lifetime of the deceased. John Kincheloe, one of the defendants failed to answer or to appear nor was he represented by counsel. The other defendants filed disclaimers and admitted a full and fair settlement with their deceased father and grandfather.

The cause was tried before and submitted to a jury and all fact issues submitted were resolved against the plaintiffs. The jury found in effect that there was no trust agreement made at the time of the partition; that no decided advantage was given A. W. B. Kincheloe in the partition; that the deceased was not of unsound mind at the time the respective deeds were executed; and that the grantor placed each of the respective deeds within the control of A. W. B. Kincheloe with the intention that each should become operative as a conveyance of the estate therein described and as therein stated. Upon this verdict the court rendered judgment that the plaintiffs take nothing and that A. W. B. Kincheloe recover the lands in controversy as against all the other parties to the suit.

The plaintiffs make no attack upon the sufficiency of the evidence to support the findings of the jury with reference to the delivery of the deeds. In this connection there is ample testimony to support the delivery. The defendant A. W. B. Kincheloe was strongly corroborated in his testimony that both deeds were delivered to him during the lifetime of the grantor. It was further the testimony of the grantee that after their delivery he placed the deeds in the lock box at the bank for safe keeping at the special instance and request of his father. It should also be stated that no contention is made that the grantee failed to render the future services to the grantor mentioned in the first deed.

By their first assignments the plaintiffs attack the trial court's action in refusing to submit to the jury some twelve special issues requested by them upon the question of the delivery of the deeds. Six of these requested issues were addressed to the deed of October 5, 1936, and a like number of the same character to the deed of January 18, 1938. No attack is here made upon either of the two issues which were submitted with reference to the delivery of the respective deeds. However, in order to determine the merits of plaintiffs' complaint about the refusal of the requested issues, the issues actually submitted become pertinent.

The issue submitted as to the deed of October 5, 1936, was as follows: "Do you find from a preponderance of the evidence that J. H. Kincheloe placed the general warranty deed dated October 5, 1936, within the control of A. W. B. (Buster) Kincheloe with the intention that it should become operative as a conveyance of the estate therein described and as therein stated?" This issue was answered in the affirmative. With the exception of the respective dates an identical issue was submitted as to the deed of January 18, 1938, which was also answered in the affirmative.

Without setting out the six requested issues addressed to the deed of October 5, 1936, and the six of identical import as to the deed of January 18, 1938, we deem it sufficient to set out only two of the issues as most typical of the whole of them. Specially requested issue No. 1 was as follows: "Do you find that J. H. Kincheloe placed the general warranty deed dated October 5, 1936 within the control of A. W. B. (Buster) Kincheloe with the intention that it should presently become operative as a conveyance of the estate therein described?" Specially requested issue No. 11 was as follows: "Do you find that J. H. Kincheloe

did not intend to place the general warranty deed dated October 5, 1936 beyond his power to recall the same during his lifetime?"

We are of the opinion the essential elements of the requested issues were included in the issues actually submitted. No objection was made to the latter issues on the ground that they might have consisted of mixed questions of law and fact and we must assume the jury understood the nature of the estate referred to in the deeds and inquired about in the issues. In the early case of Steffian et al. v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823, 824, the rule as to the elements of the delivery of a deed were announced by our Supreme Court in an opinion by Justice Gaines. The substance of such pronouncement was to the effect that the instrument must be "placed within the control of the grantee" and that this must be done by the "grantor with the intention that it shall become operative as a conveyance". It has also been held that the showing of the due execution of a deed by the grantor with the purpose and intention to deliver it or have it delivered makes the deed as effective as if it had been actually delivered, and under such circumstances actual manual delivery of the deed into the hands of the grantee by the grantor in person is not essential to pass title. Henry et al. v. Phillips, 105 Tex. 459, 151 S.W. 533; Dorman v. Ryan et al., Tex.Civ.App. 293 S.W. 888, writ refused; More et al. v. More et al., Tex.Civ.App., 7 S.W.2d 1096, writ refused. The findings that the grantor placed the respective deeds within the control of the grantee necessarily implies that he thereby divested himself of such control; and the further findings that the grantor did so in each instance with the intention that the respective deeds should become operative as a conveyance of the estate therein stated necessarily implies that each of such deeds became operative immediately upon such delivery. We therefore conclude there was no error in refusing the requested issues. Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660; 16 Am.Jur. 511, para. 129. See also "Control" in Black's Law Dictionary, Third Edition, 428 and in Volume 9 Words and Phrases, Permanent Edition, 426 et seq.

The plaintiffs next contend the court erred in refusing to allow them to introduce in evidence before the jury the judgment in the divorce proceedings above mentioned wherein J. H. Kincheloe and Eula Kincheloe stipulated the property herein involved was the separate property of J. H. Kincheloe. We think there was no error in the exclusion of this testimony. In the first place if such testimony had been admitted it would not have contradicted the purported conveyances in the deeds. The testimony was somewhat contradictory as to the date of the delivery of the deeds. There was some to the effect they were delivered before the decree of divorce was entered and other to the effect that the delivery occurred subsequent to the divorce. But granting that the deeds had been delivered prior to the divorce no more than a future estate had then passed to the grantee. In any event the grantor reserved in himself a life estate in the lands which estate he owned as his separate property until his death. Moreover, whatever title, if any, had passed to the grantee at the time of the divorce could not be impeached by such proffered testimony which in so far as the grantee is concerned was hearsay on its face. Thompson v. Herring, 27 Tex. 282; Coleman et al. v. Easton, Tex.Com.App., 249 S.W. 200; Henry et al. v. Phillips, 105 Tex. 459, 151 S.W. 533; Smith et al. v. James et al., Tex. Civ.App. 42 S.W. 792; Vaughn v. Vaughn, et al., Tex.Civ.App., 287 S.W. 687, writ refused; Earl et al. v. Mundy, Tex.Civ.App., 227 S.W. 970, writ refused.

The plaintiffs further assert that the court erred in refusing to submit to the jury their specially requested issues inquiring if J. H. Kincheloe was induced to execute each of the deeds through undue influence upon the part of A. W. B. Kincheloe. These assignments are not predicated upon any direct evidence upon the question, for none was offered, but upon what the plaintiffs contend is circumstantial evidence raising the issue in that there was an unnatural disposition of the property and further that the grantee had the opportunity through his association with the grantor to exercise undue influence. While undue influence may be established by circumstantial as well as direct testimony the circumstantial evidence relied upon must be of a reasonably satisfactory and convincing character and not merely equally consistent with the absence of the exercise of undue influence. Helsley et al. v. Moss et al., 52 Tex.Civ.App. 57, 113 S.W. 599, writ denied; Stewart et al. v. Miller et al., Tex.Civ.App., 271 S.W. 311, writ refused; Besteiro et al. v. Besteiro et al., Tex.Com.App., 65 S.W.2d 759. Measured by this rule we think the issue was not raised. The record reveals that the grantor was a man of unusually strong will and

determination and thus not likely to be easily influenced. Furthermore the testimony shows that the grantee was not present when either of the deeds was prepared, executed or acknowledged. In each instance the grantor went alone to the office of his attorney in Vernon and there under the usual private and confidential relations between attorney and client the grantor revealed to his attorney what disposition he desired to make of the property. The attorney prepared the respective deeds according to the wishes of his client and there is no intimation from the testimony that the grantee even knew of the intention of his father until after the execution of the respective deeds. After the execution and acknowledgment of the second deed the grantor asked his attorney to send for his son who was then in the City of Vernon. Upon the latter's arrival at the attorney's office the grantor informed him in the presence of the attorney what the grantor had done. The attorney testified that the grantee thereupon said: "Dad, I had rather you wouldn't give me that property because if you do I won't have a brother or a sister that will speak to me when they find it out". In response to this remark the grantor replied: "I don't intend to have them find it out until after I am dead". The testimony further reveals that the grantee resided with his wife in a house only about fifty yards from the home of his father and was devoted to his father in the latter's declining years. During the last years of the life of the deceased the grantee attended to the personal and business affairs of the deceased as indicated in the deeds themselves. Under all these circumstances, rather than the grants constituting an unnatural disposition of the property, we think it was only natural for the grantor to thus reward his son for his faithful service. At any rate if the circumstantial evidence tended to show anything in this respect it greatly preponderated to the exclusion of the idea of undue influence. We therefore conclude there was no error in refusing these requested issues.

Another assignment is with reference to certain comments made by the court during the introduction of the deposition testimony of Dr. Thomas R. Burnett. A direct interrogatory addressed to the witness was read to the jury inquiring if the witness had treated the deceased, if he had talked with him about business affairs and if so was the deceased's conversation reasonably connected and that of a rational and normal person. The response of the witness as read to the jury was as follows: "Each time I saw him he seemed to be perfectly normal for a man of his age, rational". At this point counsel for plaintiffs objected to the question and answer for the reason, among other things, that the witness was not properly qualified to answer. Thereupon the court remarked: "I think he is a medical witness and I am going to let him answer that part of it". Counsel then objected to the remarks of the court as a comment upon the weight of the evidence. We think such remarks were not susceptible of such interpretation but on the contrary were merely in response to the objection made with reference to the qualifications of the witness which matter was within the discretion of the court. Kaack et al. v. Stanton, 51 Tex.Civ.App. 495, 112 S.W. 702, writ denied; Black v. Wilson, Tex.Civ.App., 187 S.W. 493.

The plaintiffs also contend the court erred in admitting in testimony over their objection certain testimony from Dr. W. R. Moore. Such witness was asked the following question: "Dr. Moore, now then, based upon your opinion as a physician and a surgeon and your observation of mentally defective patients in your hospital from time to time, in your opinion, did Mr. Kincheloe who appeared from 1936 until the last time you saw him in 1939, have sufficient capacity to understand the nature and effect of his actions in transacting a business matter if the same was fully explained to him?" Objection was made to this question by counsel for plaintiffs chiefly on the ground that it inquired "whether or not the grantor had the competency to do the particular act or the thing he did do, and is inadmissible as such because the witness cannot go beyond testifying whether the grantor was of sound or unsound mind". The trial court thereupon stated: "I will overrule all of the objection except that it was fully explained to him * * *." The plaintiffs reserved an exception and the witness then responded to the question: "Yes Sir, perfectly". The contention that this matter presents error has been foreclosed against the plaintiffs in the case of Stewart et al. v. Miller et al., Tex.Civ.App., 271 S.W. 311, writ refused, wherein the identical question in effect was asked about the deceased grantor therein and answered apparently over similar objections without the qualification of the court as in the instant case. In the Stewart v. Miller case this testimony was held to

involve an opinion as to the mental condition of the grantor with reference to her capacity to understand business affairs and as such it involved only a question of fact and was properly admitted.

What we have said we think disposes of the controlling issues in this case. The plaintiffs present many other assignments with reference to the admission and exclusion of certain other testimony which if we discussed in detail would prolong this opinion beyond reasonable bounds. We have carefully examined these assignments and finding no reversible error in them they are overruled without further discussion.

The judgment is affirmed.