**Ray AGNEW, Appellant,**

v.

**David E. BRAWNER et al., Appellees.**

**No. 5059.**

Court of Civil Appeals of Texas, Eastland.

July 7, 1977.

Rehearing Denied July 28, 1977.

Bryan Bradbury, Bradbury, Tippen & Cross, Abilene, for appellant.

Virgil T. Seaberry, Turner, Seaberry & Warford, Eastland, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Ray Agnew, sued defendants, David E. Brawner, Willie Lee Brawner, Autry Truman Brawner, May Roach and Lucille Handlin, for specific performance of a contract to convey real property. Prior to trial, David E. Brawner died and it was stipulated the other named defendants inherited part of his interest in the property. The land in question was owned in common by seven persons. The contract made the basis of this suit was drawn to be executed by six of the seven owners. The five defendants and plaintiff executed the contract, but the other common owner named in the contract, Harold Brawner, refused to sign the contract. Defendants alleged the contract was never delivered.

The case was tried before the court without a jury. No findings of fact or conclusions of law were filed. Judgment was rendered for defendants. Plaintiff appeals. We affirm.

The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962). The trial court impliedly found that the contract was never delivered. Plaintiff must, therefore, conclusively establish that the contract was delivered. We can only consider the evidence that supports the judgment and must disregard all contrary evidence. *Quinn v. Dupree*, 157 Tex. 441, 303 S.W.2d 769 (1957).

A written contract is not effective until it is delivered. *Alaga v. Stubblefield*, 174 S.W.2d 627 (Tex.Civ.App.—El Paso 1943, no writ). Only the plaintiff testified at trial. On cross-examination, he stated the contract was never "delivered" to him nor did he know where the contract was. This is some evidence in support of the judgment. The court could properly conclude that the defendants did not part with dominion and control over the contract. In *Hart v. Rogers*, 527 S.W.2d 230 (Tex.Civ.App.—Eastland 1975, writ ref. n. r. e.), this court said:

"We hold, that in order to constitute legal delivery it is not necessary that a deed be manually transmitted to the grantee, nor is it always necessary that a deed be placed out of the grantor's physical possession, but it is essential that the grantor relinquish dominion and control over the deed. 26 C.J.S. Deeds § 42; 23 Am.Jur.2d, Deeds, § 89; 19 Tex.Jur.2d, Deeds, § 84; 129 A.L.R. 11; 87 A.L.R.2d 787, *Kincheloe v. Kincheloe*, 152 S.W.2d 851 (Tex.Civ.App.—Amarillo 1941, writ ref'd w. o. m.); *Sides v. McDonald*, 228 Ark. 673, 310 S.W.2d 16 (1958); *Dallas Joint Stock Land Bank of Dallas v. Burck*, 102 S.W.2d 1074 (Tex.Civ.App.—Waco 1937, writ dism'd); *Sgitcovich v. Sgitcovich*, 229 S.W.2d 183 (Tex.Civ.App.—Galveston 1950, writ ref'd n. r. e.).

Defendants rely upon *Henry v. Phillips*, 105 Tex. 459, 151 S.W. 533 (1912) and *Taylor v. Sanford*, 108 Tex. 340, 193 S.W. 661 (1917), in support of their contention that it is not essential that a grantor lose dominion and control over a deed. Language supporting defendants' argument is found in the opinions. However, it is clear in both cases the grantor did part with dominion and control over the deeds. In *Eckert v. Stewart*, 207 S.W. 317 (Tex.Civ.App.—Amarillo 1918, writ ref'd), the court, after reviewing *Henry* and *Taylor*, held:

'It is elementary that, in order for a deed to operate as a conveyance, there must have been delivery with the intent and purpose on the part of the grantor to relinquish control of the deed. *Steffian v. Milmo Bank*, 69 Tex. 513, 6 S.W. 823.'

Chief Justice Hickman in *Ragland v. Kelner*, 148 Tex. 132, 221 S.W.2d 357 (1949), after citing *Henry* and *Eckert*, said:

'The test established by those cases is whether or not the grantor parted with all dominion and control over the instrument at the time he delivered it to the third person, with intent at the very time of its delivery that it take effect as a conveyance.'"

Plaintiff has failed to conclusively establish the contract was delivered. Judgment of the trial court is affirmed.