## John Lowery v. Josiah Drew.

Although the general rule is, that one partner cannot bind the firm by executing a deed ; yet, it is well settled, that any express ratification, though parol, by a partner, of a contract under seal, entered into for the firm by his co-partner, makes the instrument the deed of the firm. (This was a release of an interest in lands.)

Where one of the partners, attorneys at law, took in compensation for their services, a bond for title to land in their partnership name, on the 27th of December, 1848, and the second partner on the 16th of February, 1849, wrote a letter to the client, in which he remarked that he would comply strictly with any contract entered by his partner as to their compensation ; and the first partner, on the 23rd of April, 1849, released the bond and accepted two hundred dollars for said compensation ; and the second partner suffered nearly two years to elapse before he was heard to complain—the case being a writ of error from the decision of the Court below, on the facts, without a jury, this Court held that the second partner was bound; and reversed the judgment.

Error from Galveston. Tried below before the Hon. Constantine W. Buckley, Judge of the Seventh Judicial District.

Suit by defendant in error against plaintiff in error, commenced February 25th, 1851, to enforce the specific performance of a contract to convey certain real estate. Jonas Butler and A. P. Thompson were joined as defendants. The contract sought to be enforced, was as follows : Galveston, December 27th, 1848. Messrs. Thompson & Drew, Gents. I have received from Thomas F. McKinney, of Galveston, his bond to convey to me, on or before the first day of April next, one thousand acres of land on the Picket Bayou, known as the Dorsett tract. McKinney & Williams have also conveyed to me a league of land, originally granted to Samuel Davidson in the county of Brazos, and on the east side of Brazos river, opposite the league of McWilliams ; both conveyances to me

dated 27th December, 1848. You are entitled to one undivided quarter part of both the above tracts for your expense and the costs attending the suit of McKinney & Williams in favor of J. and A. Lowery. I will convey by a quit claim deed, at any time that you may require, the quarter part of such as I receive ; without any responsibility, on my part, in any way. In testimony of which, binding myself, heirs and executors to the performance of the same, I hereunto sign my name and put my seal, a scrawl being used for seal, this 27th day of December, 1848.                      JOHN LOWERY, [seal.]

JAMES WELSH.

J. C SHAW.

Endorsed : Transferred to Jonas Butler for value received by us this twenty-third day of April, 1849 ; and we hereby authorize him to have, demand and receive from the said John Lowery the title to the premises described in the within bond. Signed Thompson & Drew, A. P. Thompson, and Josiah Drew per A. P. Thompson his attorney in fact, with a seal set opposite to each name.

Thompson & Drew had been practising in partnership, as attorneys at law, and Drew denied the authority of Thompson to make the transfer of his interest. Butler and Thompson were joined as defendants. The pleadings are not material. Defendant Butler disclaimed all interest.

The cause was submitted to the Judge, without a jury, on the following testimony :

The plaintiff gave in evidence the contract sued upon, and the transfer indorsed thereon ; also part of the sworn answer of Thompson, to whom the plaintiff had propounded interrogatories ; to the admission of which defendant Lowery excepted. It was as follows : That at the time, specified in said petition, this defendant, assuming to act for and in behalf of the said firm of Thompson & Drew, did, as alleged in the petition, and for the consideration therein mentioned, convey the entire interest of the said Thompson & Drew in said land to Jonas

Butler, one of the defendants in this suit, and did, at the same time, assign and deliver to the said Butler the bond or writing obligatory, executed and delivered by the said John Lowery to the said Thompson & Drew. But this defendant further says that he conveyed said property and assigned said instrument to the said Butler, without any knowledge that the said Butler was acting as agent for the said Lowery, or for any other person; but, on the contrary this defendant recognized and regarded the said Butler as a principal party to the transaction; and that, furthermore, at the time of, and previously to the conveyance and assignment aforesaid, this defendant, according to the best of his recollection and belief, gave the said Butler to understand that he, this defendant, had no power of attorney from the said plaintiff to dispose of his, the said plaintiff's, interest in the said property; but that, at the same time, he, this defendant, was competent to act in the name and behalf of the firm of Thompson & Drew, and that the said plaintiff would assent to, confirm and be bound by whatever arrangement this defendant might make with regard to said property. All which this defendant did in good faith, fully believing that his action in the premises would receive the entire sanction of the said Drew. But this defendant admits that he held no written or express authority from said Drew to make a transfer of his interest in said land; that, upon such representation and upon such understanding, the said Butler and this defendant entered into the arrangement aforesaid; whereof, the said plaintiff being informed, he, much to this defendant's surprise and disappointment, utterly refused to consent to and confirm the same, upon the ground of inadequacy of the consideration, moving from the said Butler to the said Thompson & Drew; and that, thereupon, this defendant exerted himself to induce the said plaintiff to come into the arrangement and allow it to remain undisturbed, which the said plaintiff wholly refused to do. This defendant further answering says, that the entire consideration, as stated in the

petition, was paid to him, and that the said plaintiff, though often solicited, would receive no part thereof from the defendant; that Thompson & Drew were equally interested in the property in the said petition mentioned; and that he, this defendant, delivered the said bond to the above mentioned Jonas Butler, but in whose possession said bond now is this defendant is unable to say.

Defendant then read the answers of Jonas Butler, one of the defendants, to interrogatories propounded by the plaintiff, as follows : That, as the agent of John Lowery, on or about the twenty-third day of April, 1849, be paid to said Algernon P. Thompson two hundred dollars to surrender and deliver up said bond, obligation or instrument in writing, the said Thompson acting, and assuming to act, for said Thompson & Drew ; that no conveyance of the lands was made. either to the defendant or to the said John Lowery, to the best of the defendant's remembrance and belief, but an assignment of said bond, written obligation or instrument in writing was made, and, to the best of this defendant's remembrance and belief, such assignment was made to this defendant, but merely that this defendant might have the same as an indemnity in case the said Lowery should neglect or refuse to affirm this defendant's action in the premises. The said Lowery did immediately thereafter affirm it, and this defendant thereupon delivered up said bond, with the assignment to the said Lowery ; that the whole consideration of the surrender and delivery of said bond and such assignment was paid to the said Thompson, as one of the firm of Thompson & Drew ; that on or about the 23d April, 1849, the said obligation was delivered to George Butler & Brother, as agents of John Lowery, and the same has never since been in the possession or under the control of this defendant ; whether the said John Lowery cancelled and destroyed it, or whether he or any one else now holds it, this defendant has no knowledge, information or certain belief. The said Thompson delivered the said bond to this defendant

as the attorney of said Lowery ; that he' never saw any written power or authority from said Drew to said Thompson, and believed at the time that said Thompson's power, as one of the firm of Thompson & Drew, was ample to surrender said obligation or instrument in writing, though the said Thompson voluntarily assured this defendant that the said Drew had authorised him to dispose of said instrument in writing, and would execute at any time any further assurance or confirmation that this defendant might require.

Defendant then introduced John B. Jones as a witness, who testified that about December, 1848, the defendant Lowery was in Galveston ; that a suit had, before that time been instituted in the United States Court at Galveston in favor of J. & A. Lowery against McKinney & Williams ; that Thompson & Drew were the counsel of Lowery's, and witness was counsel for McKinney & Williams ; that McKinney & Williams claimed equitable defences to the suit, and the cause of action was also barred by limitation, which was pleaded ; that the suit had been directed to be brought by Mr. Gold, acting as Lowery's agent, but Mr. Lowery said this was against his instructions and wishes, and that he had relied on compromising with McKinney & Williams ; that said Lowery set about effecting a compromise with McKinney & Williams in which witness aided ; that neither Thompson nor Drew had anything to do with bringing about a compromise. A compromise was agreed on, by which McKinney & Williams were to give the lands mentioned in the bond for title from Lowery to Thompson & Drew ; Drew was absent at the time ; Thompson then claimed two hundred dollars as the fee of Thompson & Drew, and was very anxious to get it; Lowery refused to give it; he at length agreed to give one-fourth of the land and executed the instrument, which is the subject of this suit. Subsequent to this, but before Lowery left Galveston, Thompson several times urged him to give him the two hundred dollars and he would return the bond, but Lowery declined it. Mr. Lowery left Jonas .

Butler as his agent respecting these lands.  Mr. Thompson again several times importuned him to give the $200 for the bond for title, which Butler at length did.  Mr. Butler acted in the matter as Lowery's agent.  Witness is acquainted with the services rendered by Thompson & Drew in the matter, and considers two hundred dollars as ample compensation.

The defendant then gave in evidence the following letter, admitted to be in plaintiff's hand-writing :

Galveston Feb'ry 1849 ; Messrs. J. & A. Lowery ; Gent :

Yours of 30th ult. to hand, contents observed.  'Twas with very great regret I heard for the first time of the draft on you for $100, as I do assure you, gentlemen, it was drawn during my absence, and without my knowledge or consent. Judge Thompson took the liberty of doing so, without consulting me.  As regards the terms of the agreement with Mr. Gold, my recollection says you were to pay the costs of the suit, as it is not customary for lawyers in Texas to pay, or agree to pay, costs of a suit, when the Statute of Limitations bars the action.  The costs are not so much as the amount of the draft.  I have been absent since you left this place for your city, and have not seen Mr. Butler with regard to your instructions, but will of course comply strictly with any contract entered between Judge T. and yourself or Mr. Gold.  Trusting this will be satisfactory to all parties, I am, with high regards your friend and serv't,

JOSIAH DREW.

The admissibility of this letter was objected to and an exception was reserved ; but the ground of objection was not stated.

On this evidence judgment was rendered for plaintiff and defendant Lowery prosecuted this writ of error.

*Jones* and *Ballinger*, for plaintiff in error.

*H. N. & M. M. Potter*, for defendant in error.

WHEELER, J. Although the general rule is, that one part-
ner cannot bind the firm by executing a deed, yet it is well
settled that any express ratification, though parol, by a part-
ner, of a contract under seal, entered into for the firm by his
co-partner, makes the instrument the deed of the firm. (Par-
sons on Con. 94 n.) There are decisions to the effect that a
partner may bind his co-partner by a contract under seal, made
in the name and for the use of the firm, in the course of the
partnership business, provided the partner assents to the con-
tract previously to its execution, or afterwards ratifies it ; and
this assent or adoption may be by parol. This is the settled
doctrine in Massachusetts, and I apprehend in other States.
(Id. Chit. on Con. 230 and notes.) We think the reasonable-
ness of so holding, and the authority of the Courts which have
so decided, sufficiently commend it to our adoption.

The letter of Drew contains an express assent to any con-
tract entered into between the defendant Lowery and the
plaintiff's partner, Thompson. It is said this letter had refer-
ence to the giving of the bond for title by Lowery. But we
think the expressive " any" contract, shows that a reference
was not made to a particular contract, but to any contract
they might have made, or might see proper to make, respect-
ing the matter of the fee. Drew entrusted that whole subject
to the management of his partner. By his letter he certainly
lead the defendant to believe, that whatever his partner did
would be approved of by him ; and we think he ought to be
held to have approved, and be bound by it.

Apart from any authority contained in the letter, Thompson
as partner, had full power and authority to settle and adjust
the matter of their fee. He did so, fixing it at two hundred
dollars to be paid in money. To this, the client objected, and
Thompson finally, as a compromise, agreed to accept the contract

to convey an interest in land. But although he did assent to this as an alternative which he would accept, if he could not get the money, he still preferred the latter, and kept the subject open for negotiation, by still insisting on the client taking back the bond and paying the money. In the meantime the plaintiff was silent. It does not appear that he ever assented to the taking of the bond, or that he even knew that it had been taken, or what contract his partner had made, until after the bond had been delivered back, and the matter finally settled to the satisfaction of his partner by the payment of the money. And then he suffered nearly two years to elapse before he was heard to complain. Under the circumstances, we do not think he was entitled to be heard to complain, or question the authority of his partner as to what he had done in the premises. We think Thompson had the right and authority to settle the matter of the fee as he saw proper, at least, that the defendant had the right so to regard it ; and that the negotiation in respect to the fee was kept open by Thompson expressly, and by the tacit consent of the plaintiff, until it was finally closed by the delivery back of the bond, and the receipt of the money, fixed upon and demanded as the fee to which the plaintiff and his partner were entitled ; and that Thompson had the same right to return the bond to the defendant, that he had to receive it in the first instance ; that the plaintiff, under the circumstances, had no more right to complain, or question his authority in the one case than he would have had in the other.

We are of opinion therefore that the judgment is erroneous, and that it be reversed, and the cause remanded.

Reversed and remanded.