### G. C. COX v. FRANK PAYNE.

No. 2400. Decided March 31, 1915.

**1.—Deed—Delivery.**

A deed does not become effective as a conveyance of land until delivered, that is, placed within control of the grantee by the grantor with the intention that it should operate as a conveyance. (P. 118.)

**2.—Same—Unauthorized Delivery—School Land—Forfeiture.**

A purchaser of school land who had completed the required residence thereon but not yet acquired authority to convey by making return of his affidavit of settlement, executed a deed in pursuance of an agreement to sell to another which he acknowledged and left in the hands of the notary, to be delivered to the vendee only after he should have sent in to the Land Office such affidavit. The notary, without authority, had the deed placed on record. Thereafter, the affidavit having been sent in, such grantor received his purchaser's notes for the purchase money and surrendered possession of the land. Held, that the deed did not take effect as of date of the unauthorized delivery, and the grantor did not forfeit his rights as a purchaser from the State by this operating as a conveyance before he had acquired the right to convey. (Pp. 117, 118.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Kinney County.

Cox sued Payne and recovered judgment for the land in controversy. On the latter's appeal this was reversed and judgment rendered in his favor, whereupon Cox obtained writ of error.

*W. F. Ramsey, G. B. Fenley, Claude Lawrence,* and *E. R. Pedigo,* for plaintiff in error.—The undisputed evidence shows that W. N. Flemming, the original purchaser, made an attempt to transfer the land purchased by him from the State to the appellant, Payne, by deed, also by agreement to sell, long prior to the date on which he filed his affidavit of settlement in the General Land Office.

The title passed from Flemming to Payne from the date of the execution of the deed; when the deed was delivered, the title related back and flowed to the vendee from the date of the execution of the deed. McKnight v. Reed, 30 Texas Civ. App., 204, 71 S. W., 319, on rehearing; Herring v. Mason, 17 Texas Civ. App., 559, 43 S. W., 797; Studebaker Bros. Mfg. Co. v. Hunt, 38 S. W., 1134-1136; Wallace v. Butts, 31 S. W., 687; McCurry v. McCurry, 95 S. W., 35; Siemers v. Hunt, 28 Texas Civ. App., 44, 66 S. W., 115-116.

A purchaser shall not transfer his land prior to his actual settlement thereon, and evidence of that fact filed as herein provided, and any attempt to so transfer by deed, bond for title, or other agreement, shall operate as a forfeiture of the land to the fund to which the same belonged, together with all the payments made hereon, and when sufficiently informed of the facts which operate as a forfeiture, the Commissioner shall note the fact of forfeiture upon the application, and proceed to place the land upon the market by notice to the proper county clerk and advertisement in the manner provided for cancelled leases. Laws, 1905, p. 159, chap. 103, Sayles' Civ. Sup., 461, sec. 4; Payne v. Johnson, 147 S. W., 703; Good v. Terrell, 100 Texas, 275, 98 S. W., 641; Brown v. Terrell, 100 Texas, 309, 99 S. W., 542. As to delivery of deed, see the following authorities: McKnight v. Reed, 30 Texas Civ. App., 204, 71 S. W., 319; Herring v. Mason, 17 Texas Civ. App., 559, 43 S. W., 397; Studebaker Bros. Mfg. Co. v. Hunt, 38 S. W., 1134-1136; Wallace v. Butts, 31 S. W., 687; McCurry v. McCurry, 95 S. W., 35; Siemers v. Hunt, 28 Texas Civ. App., 44, 66 S. W., 115-116. As to what constitutes an "Agreement" to sell within the time prohibited by law, see the following authorities: Cyc., vol. 32, p. 1077; United States v. Richards, 149 Fed., 443.

*Joseph Jones, Geo. M. Thurmond,* and *Charles Rogan,* for defendant in error.—As to power of Commissioner to forfeit: Harper v. Terrell, 96 Texas, 479, 73 S. W., 949; Savings Bank v. Dowlearn, 94 Texas, 383; Bumpass v. McLendon, 101 S. W., 491; Johnson v. Bibb, 32 Texas Civ. App., 471, 75 S. W., 72.

That the facts in this case did not operate as a forfeiture and hence the act of the Commissioner in declaring the same, was null and void.

Act approved April 15, 1905, sec. 4, General Laws 29th Leg., p. 162; Patton v. Terrell, 101 Texas, 221, 105 S. W., 1115; Steffian v. Bank, 69 Texas, 518; Walker v. Erwin, 106 S. W., 166; Koppleman v. Koppleman, 94 Texas, 44; Blackman v. Schurman, 21 Texas Civ. App., 520; Gonzales v. Adone, 56 S. W., 548; Devlin on Deeds (2nd ed.), vol. 1, secs. 260, 262 and 291.

Mr. Chief Justice BROWN delivered the opinion of the court.

The land in controversy belonged to the public school fund of the State of Texas, and was subject to sale under chapter 103, General Laws of 1905. W. N. Fleming in compliance with the requirements of said statute made a purchase of the land, and settled upon the same within the time required by law. However, before he made a return of his affidavit of settlement in compliance with the statute, he contracted to sell his right to Frank Payne, the plaintiff in error, and in pursuance of that contract Fleming executed a deed to Payne acknowledging the same before F. W. Church, a notary public, and left the deed in the hands of Church with instructions not to deliver it until after his affidavit of settlement should be filed in accordance with the requirements of the statute. Fleming left home, that is, the city of San Antonio, which was also the residence of the notary, and after he had departed the notary, contrary to instructions and without any authority, sent the deed to the county clerk of the county in which the land was situated, and it was placed upon the records of that county. After this was done the affidavit required by law was forwarded to and filed in the General Land Office, and thereafter the transaction between the parties was completed by the execution of Payne's note to Fleming and the delivery of possession by Fleming to Payne of the land in suit.

The correctness of the judgment of the Court of Civil Appeals in this case depends upon a proper construction of the facts and circumstances under which Fleming made the deed transferring the land in controversy to the plaintiff in error. It is unnecessary for us to rehearse the facts other than those that concern the question directly involved. It is sufficient to say that the evidence contained in the agreed statement of facts established the proposition that Fleming had acquired the right to perfect his purchase of the land in controversy, having complied with the law up to the time of his transfer of the land to Payne. The issue of law is properly presented by the statement of the substance of the evidence. Fleming and Payne had an agreement by which Fleming sold to Payne the right to acquire the land in controversy under his settlement, and there was an agreement as to the sum to be paid and all conditions of the sale.

This occurred before Fleming had filed in the General Land Office the affidavit of settlement in compliance with the requirements of the statute. Fleming executed a deed conveying his right in the land and deposited it with the notary public in escrow, that is, with instructions to hold it until the transaction was completed. The notary having, contrary to instructions, caused the deed to be recorded before the

return of the affidavit of Fleming presents the question for consideration: Did such act contrary to the instructions of Fleming constitute a delivery to the vendee so as to convey Fleming's right?

In other words, was this a sale by Fleming to Payne when in fact it was not intended by Fleming that it should be so made? Under the facts of the case did the deed transfer the right of Fleming to Payne notwithstanding it was not the intention of Fleming or Payne that it would be so delivered and should operate as a transfer at that time?

There is no question of fact involved in this case, but simply a question as to the legal effect of the action of the notary public in causing the deed to be recorded without the consent of the vendor.

We are of opinion that the question in this case is very clearly and distinctly decided in Steffian v. Bank, 69 Texas, at page 518, 6 S. W., 824, in which Justice Gaines defines a sale as follows: "It is elementary law that the delivery of a deed is requisite to its validity as a conveyance. To take effect, it is quite as necessary that it should be delivered as that it should be signed. To complete a delivery, in its legal sense, two elements are also essential. The instrument must not only be placed within control of the grantee, but this must be done by the grantor with the intention that it should become operative as a conveyance."

The contention of the defendant in error in this case is clearly met and overturned by the following language used by Judge Williams, expressing the law applicable to the facts of this case:

"The fact which operates as a forfeiture is not the filing of a deed bearing a date anterior to that of filing the affidavit of settlement, but the transfer or attempted transfer of the land in one of the methods mentioned prior to the filing of such affidavit, that act, nothing less, is the cause of forfeiture. The date of the deed is only evidence, and not conclusive evidence, of the date of the transaction." Patton v. Terrell, 101 Texas, 221, 105 S. W., 1115.

It appears beyond question that it was not the intention of the parties that the deed should be delivered before the completion of the transaction by returning the affidavit of settlement required by the statute, and as stated by Judge Williams, the date of the deed does not govern, and the unauthorized act of the notary public in having the deed recorded does not constitute a delivery by the vendor. The title did not pass to Payne by the record of the deed in the county in which the land was situated. The affidavit required by law was afterwards filed in the Land Office, and thereafter the transaction was completed by the parties and possession delivered.

We would violate that fundamental principle of construction of statutes that terms of forfeiture are to be strictly construed if we should hold to the contrary, and construe as a delivery the act which was not intended by either party to have been performed, but was wholly unauthorized by either the purchaser or the vendor.

We, therefore, are of opinion that the District Court erred in rendering judgment against Payne in this action and that the Court of Civil

Appeals correctly reversed and rendered the judgment in the said case. Therefore it is ordered that the judgment of the Court of Civil Appeals be and the same is in all things affirmed.

*Affirmed.*