### HARAWAY v. HARAWAY et al.

No. 4314.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1933.

Rehearing Denied April 6, 1933.

Long & Wortham, of Paris, and Harrell & Kerr, of Ada, Okl., for appellant.

Moore & Moore, of Paris, for appellees.

LEVY, Justice (after stating the case as above).

There is involved in the judgment of the trial court the finding of fact that in the circumstances shown in the case there was not manifested the intention on the part of A. M. Haraway to relinquish all control over the deed to the 43.9 acres and to make a delivery of the same to the appellant. Whether or not there was in reality a delivery of a deed with the intention to do so is ordinarily a question of fact for the jury. In view of the court's finding of fact, and approving it as supported by the evidence, the deed was not operative and effectual as a conveyance of title to appellant. It is essential to the validity of a deed, as a general rule, that there should be a delivery of the instrument. McLaughlin v. McManigle, 63 Tex. 553; Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Cox v. Payne, 107 Tex. 115, 174 S. W. 817; Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Cardwell v. Shifflet (Tex. Com. App.) 294 S. W. 519. The authorities are in accord that the whole question of the delivery of deeds is one of intent, and that such intent may be gathered from the circumstances surrounding the transaction as well as from direct and positive proof. The evidence was without conflict that A. M. Haraway executed and had registered in the county clerk's office of Lamar county the deed conveying to appellant 43.9 acres of land in Delta county, Tex. The deed was merely deposited with the recording officer and there was never made any actual delivery of it to appellant, and he never knew of its existence until after the death of A. M. Haraway. At a time several months after the registration, and in January, 1924, A. M. Haraway got the deed from the county clerk and burned it, and executed a new will revoking the former

will and inserting a provision otherwise devising this tract of land than to appellant individually. In these circumstances there is not disclosed an unmistakable purpose to part with all control over the deed by placing it beyond recall of the grantor. It is apparent that the grantor treated the deed as his, and that he did not relinquish the possession or consider it as delivered to the grantee. Although the deed was left in the custody of the county clerk, yet it was lodged with him alone for purposes of registration.

Considering, however, the question further, do the facts amount to a final delivery and acceptance as a matter of pure law? Registration of a deed is only regarded as presumptive or prima facie evidence of delivery by the grantor and acceptance by the grantee. 14 Tex. Jur. § 74, p. 838; Koppelmann v. Koppelmann, 94 Tex. 40, 57 S. W. 570. But the presumption may be rebutted. First State Bank v. Bland (Tex. Civ. App.) 291 S. W. 650; 14 Tex. Jur. § 74, p. 839; 3 Devlin on Real Estate, § 290a, p. 495. The countervailing circumstances affirmatively show that the deed was not registered in the proper county, but erroneously in a county where the land was not situated. Article 6630. That actual delivery was made was actually disproved. The grantee never took possession of the land, and he had no knowledge of the existence of the deed until after the death of the grantor. Before the death of the grantor he altered his will devising the land and destroyed the deed under his control, all showing the purpose of not making a delivery of the deed or of vesting title in the grantee. The formal declaration in the first will by the grantor that he had deeded his son Ed Haraway certain property which covered his interest in his estate, considered in connection with the execution and registration of the deed, may not, in view of other circumstances, be held to conclusively evidence an absolute delivery. In ascertaining the meaning in which the formal declaration in the will was used, and the intention of execution of the deed, it would be proper to take into consideration the motives which may reasonably be supposed to operate with him and to influence him in the disposition of his property. There was clearly manifested an intention on the part of A. M. Haraway to only effect a testamentary disposition of his property to the extent of the future interest of his son Ed Haraway. Although the deed was executed ready for delivery, and registered, but improperly so in the wrong county, yet the power of dominion over the deed was not parted with. Neither the will made at the same time of the deed nor the deed was legally fixed or settled past destruction or alteration. He had the power to alter the will, as he did do, and the right remained to him to destroy the deed, which was under his control, as he did do before

his death. In the case an intention is not conclusively apparent and is wanting to make final and absolute delivery of the deed to become presently operative as a conveyance.

Acceptance could not be predicated, in the circumstances, after the death of the grantor had occurred, for the evidence of intention before death to not make delivery was affirmatively manifested, and consequently the act of delivery was in nowise a continuing one.

All the assignments of error are overruled.

It is concluded that the trial court has correctly decided the case and that the judgment should be affirmed.