## CITY OF CORPUS CHRISTI v. GUTH et al.

### No. 9227.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1934.

Rehearing Denied Feb. 28, 1934.

Johns, McCampbell & Snyder and Kleberg & Eckhardt, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

FLY, Chief Justice.

This suit was instituted by appellees against appellant to recover title and possession of a certain block of land in the city of Corpus Christi. The case was tried without a jury and judgment rendered in favor of appellees.

The facts disclose that Henry Guth, who was a relative of appellees and resided in South Dakota, on August 5, 1931, inclosed a deed to the property involved in this cause to his friend, Ernest Poenisch, who resided in Corpus Christi, with instructions to him to deliver the deed to the mayor of Corpus Christi, within fifteen or twenty days after he received it. On August 6, 1931, the day after the first letter was mailed, Guth wrote a letter to Poenisch instructing him as follows: "I send you a letter yesterday and also a deed. If this deed is all right I wish you would see the Mayor soon as you can and if the deed is satisfactory have him put it on record. If not then have them make out a new deed and send it here and if agreeable to me I will sign it and return. I told the clerk that made out this deed what to write but do not know if he made it out just as I wanted it. But it should be all right. Please let me hear from this soon as you can."

The last letter was not received by Poenisch until after the death of Guth, which occurred on August 9, 1931. The deed and first letter, however, were received before the death of Guth. The deed was delivered to the acting mayor of Corpus Christi on the 8th or 9th of December, 1931, and was placed on record by him on December 10, 1931, and the deed was formally accepted by the city council on December 17, 1931, five days after this suit was filed. The sole basis of this suit is that the deed was not delivered to appellant before the death of Guth.

It will be noted that in the last instructions given by Guth to his friend, Poenisch,

nothing was reserved for the maker of the deed to perform, but it was an unconditional request that the deed be delivered as soon as Poenisch could deliver it. The last letter had the effect of setting aside the former instructions as to retaining the deed for any length of time and the instruction was that the deed be delivered at once.

We think that there was a delivery of the deed on the day that the last letter was written and mailed to Poenisch. The whole transaction evidenced a fixed intention on the part of Guth to donate the land to appellant for certain public purposes, and the withholding of the manual delivery of the deed until December did not destroy the effect of the deed, nor change the intention of the donor. The mayor indicated an acceptance of the deed by at once placing it upon record and calling the council together to give a formal acceptance of the deed, which was done. In the case of Taylor v. Sanford, Administrator, 108 Tex. 340, 193 S. W. 661, 662, 5 A. L. R. 1660, every point insisted upon by the appellees in this case is decided against them. We copy and indorse the following language of Chief Justice Phillips in the case cited:

"The only question in the case is whether there was a delivery of the deed from Sanford to Miss Taylor.

"The law prescribes no form of words or action to constitute the delivery of a deed. It will not divest a grantor of his title by declaring his deed effective when his purpose was to withhold it from the grantee. Neither will it deprive the grantee of his rights where it was the grantor's intention to invest him with the title, though there be no manual delivery of the instrument. The question in all such cases is that of the grantor's intention. If the instrument be so disposed of by him, whatever his action, as to clearly evince an intention on his part that it shall have effect as a conveyance, it is a sufficient delivery. 2 Jones, Law of Real Property, § 1220; 1 Devlin on Deeds, § 269.

"That such was Sanford's intention with respect to the deed in controversy is, we think, unmistakable. It is clear that the deed was executed, caused to be recorded, and was mailed by him in contemplation of his death, and so as to at once invest Miss Taylor with the title. It is equally certain that he intended the property as a gift to her. Nothing could be more plainly revealed. The property was Sanford's, and, no rights of creditors being involved, he had the power to give it away if he chose. If such

was his intention, the law should effectuate it, rather than indulge in nice distinctions and thereby thwart what was plainly his purpose. That it was within Sanford's power, at any time before his death, to recall the deed from the mail where he had placed it for transmission to the grantee, and thereby prevent its physical delivery to her, is immaterial. He did not recall it. Nor did he make any attempt to do so. On the contrary, everything about the transaction shows that at the time his letter was written—the day before his death, he regarded it as an executed gift. With this true and clearly evidencing an intention that the deed should have immediate effect, it is of no consequence that it did not reach the hands of the grantee before his death, or that it was within his power to regain its physical possession. If what the law regards as a delivery had been accomplished, his regaining physical custody of the instrument would not have defeated it. Brown v. Brown, 61 Tex. 56; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

"True, the gift imposed upon Miss Taylor the assumption of the payment of the three notes against the property and her conveyance to Sanford of the lot in Hamlin and the 40 acre tract in Presidio County, and required her acceptance of it, since no person can be made a grantee of property against his will. But she accepted it. She could not be expected to either accept or reject the gift until she knew of it; and since she did not know of it until after Sanford's death, her acceptance of it then sufficed. Burkey v. Burkey [Mo. Sup.] 175 S. W. 623. As a rule of reason and common sense, a delivered instrument plainly amounting to a deed of gift should operate by a presumed assent until a dissent or disclaimer appears. Dikes v. Miller, 24 Tex. 417."

The letters of Guth clearly evidenced a desire and intention on his part to donate the land to Corpus Christi and, as said in the case cited, no creditors appeared to claim a right in the property and the deed was accepted as soon as it was placed in the hands of the acting mayor. Delivery to this acting mayor was a full compliance with the direction to deliver it to the mayor of the city, and the heirs of Guth have no right to complain that the deed imposed burdens on the city of Corpus Christi. The deed was accepted and the burdens assumed by the city, and that ends the matter as to the burdens.

The judgment of the lower court is reversed, and judgment here rendered that the city of Corpus Christi be quieted in its title and that appellees take nothing by their suit and pay all costs.