## GILBERT v. McSPADDEN et al.
### No. 1696.

Court of Civil Appeals of Texas. Waco.

Feb. 20, 1936.

Rehearing Denied March 12, 1936.

Geo. W. Barcus, of Waco, for appellant.

H. L. Williford, of Fairfield, and Geo. W. Fryer, of Seward, Alaska, for appellees.

ALEXANDER, Justice.

On March 19, 1927, Tom Gilbert and wife executed and acknowledged a deed conveying to Gilbert's daughter, Mrs. Conde Scroggins, and his son, B. C. Gilbert, two tracts of land in Briscoe county, and on the same day they executed and acknowledged another deed conveying to Gilbert's daughter, Mrs. Cecil McSpadden, two tracts of land, one in Hill county and the other in Freestone county. Each deed recited a consideration of $1 and love and affection. Tom Gilbert kept the deeds in his possession and continued to exercise dominion over the land. On December 19, 1931, he took the deeds from his bank box in Quitaque in Briscoe county and started to the home of his daughter, Mrs. Scroggins, in Borger for the avowed purpose of delivering the deeds to her to be recorded. He arrived at the home of his said daughter at about 8 o'clock in the evening of December 20, 1931, and retired for the night. The next morning he was found dead in bed. Shortly thereafter the children found the deeds in his grip in his room. They immediately took possession of the deeds and had them recorded and are now claiming title to the land by virtue of said conveyances. Mrs. Georgia Oakes Gilbert, as administratrix of the estate of Tom Gilbert, deceased, claims that the deeds were never properly delivered and that as a result said land still belongs to the estate of the deceased, Tom Gilbert, and that she as administratrix is entitled to the title and possession of the land, together with the rents that have been collected therefrom, for the purpose of paying the debts owing by said estate.

■ It is a well-established rule that a deed does not become effective until it is

890

delivered. 14 Tex.Jur. 818; 18 C.J. 196; Steffian v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823; Link v. Page, 72 Tex. 592, 10 S.W. 699; National Bond & Mortgage Corp. v. Davis (Tex.Com.App.) 60 S.W. (2d) 429, par. 6. It is also well settled that in order to constitute a delivery of a deed the facts and circumstances in evidence must show an intention on the part of the grantor that the deed shall presently become operative and effective. 14 Tex. Jur. 821; 18 C.J. 197; 8 R.C.L. 980; Cox v. Payne, 107 Tex. 115, 174 S.W. 817. The rule is stated in 8 R.C.L. 985, as follows: "While delivery may be by words or acts, or both combined, and manual transmission of the deed from the grantor to the grantee is not required, it is an indispensable feature of every delivery of a deed, whether absolute or conditional, that there be a parting with the possession of it, and with all power and control over it, by the grantor, for the benefit of the grantee at the time of the delivery. The dominion over the instrument must pass from the grantor with the intent that it shall pass to the grantee, if the latter will accept it. And where the proof fails to show that the grantor did any act by which he parted with the possession of the deed for the benefit of the grantee, the question of intent becomes immaterial. In other words, delivery may be effected by any act or word manifesting an unequivocal intention to surrender the instrument so as to deprive the grantor of all authority over it or of the right of recalling it; but if he does not evidence an intention to part presently and unconditionally with the deed, there is no delivery. * * * And while the rule that the grantor must part with all dominion and control over his deed does not mean that he must put it out of his physical power to procure repossession of it, nevertheless, if the deed remains within the grantor's control and liable to be recalled, there is, according to almost unanimous authority, no delivery, notwithstanding that he has parted with its immediate possession. * * *" In the case at bar there was possibly an intention to deliver the deed at some date in the future, but the grantor retained possession and control of it until his death, without having evidenced an intention that it should presently become effective. There was, therefore, no such delivery as to validate the conveyance.

The judgment is reversed and the cause remanded, with instructions to the trial court to ascertain the amount of rents due the administratrix and to render judgment in her behalf as such administratrix for the title and possession of said land, together with the rents therefrom. Said judgment, however, should be so drawn as not to bar any right that appellees may have as heirs or devisees of Tom Gilbert, deceased, to recover said land, or so much thereof as may remain in the hands of the administratrix, after said estate has been fully administered.