## DALLAS JOINT STOCK LAND BANK OF DALLAS v. BURCK et al.

### No. 1849.

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1937.

Rehearing Denied March 11, 1937.

Renfro, McCombs & Kilgore and Searcy L. Johnson, all of Dallas, for appellant.

Jno. Abney, of Hillsboro, for appellees.

GALLAGHER, Chief Justice.

F. L. Denison and his son, F. W. Denison, were partners in buying, holding, exchanging, and selling real estate in Hill and adjoining counties. Said F. L. Denison was the active member in conducting the business of the firm and he testified that his son, F. W. Denison, always acquiesced in his acts in the management of the partnership property. Appel-

lee R. H. Burck represented said firm in a large number of its transactions. The Denisons, on September 29, 1930, owned 224.5 acres of land situated in Hill county known as the Warren farm. The legal title thereto was in the son, F. W. Denison. Appellant, Dallas Joint Stock Land Bank, held an encumbrance against the same in the sum of $17,000. Said land was at that time rented to K. M. Greenhill for the year 1931 for one-third of the grain and one-fourth of the cotton raised thereon. There was a trade then pending, by the terms of which the First National Bank of Whitney was to convey to one of the Denisons a certain tract of land known as the Connally farm, in consideration of certain vendor's lien notes to be executed to it by the grantee and in the further consideration of a deed to said Warren farm, title thereto to be taken subject to encumbrances thereon. Appellee Burck in this particular transaction represented said bank. On said date Burck prepared a deed in which said F. W. Denison conveyed said Warren farm to said bank, in consideration of $10 cash and subject to the indebtedness held against it by appellant. Both said Denisons were present at the time said deed was signed and acknowledged by said F. W. Denison, in whom the legal title was vested for the benefit of the partnership. Burck tendered said deed to said bank, which refused the same on the ground of the heavy encumbrance against the land conveyed thereby. Burck then asked the representative of the bank if he might take the property himself by erasing the name of the bank as grantee therein and inserting his own name instead. He was assured that the bank would have no objection to such action. Burck then saw F. L. Denison and asked permission from him to erase the name of the bank as grantee and insert his own instead, which permission was given. Said deed was typewritten. Burck placed the same in a typewriter, blotted out the name of said bank, and inserted his own name as grantee therein. Some time thereafter F. L. Denison informed his son of his action in the premises and his son acquiesced therein.

Burck was then indebted to appellee C. R. Jameson in the sum of approximately $200. On October 6, 1930, Burck applied to Jameson to increase the loan to him in the sum of $250, exhibited said deed and offered the rents on said farm to accrue during the year 1931 as security. Jame-son agreed to the proposition and Burck executed and delivered to him the note sued on in this case for the sum of $450, with interest and attorney's fees as therein stipulated, a written assignment of said rents, and a chattel mortgage on his interest as landlord in all the crops raised by said tenant on the rented premises during the year 1931. Burck delivered said deed to Jameson for the purpose of having him place the same on record, which he did on October 18, 1930. He, at the same time, filed his chattel mortgage in the office of the county clerk.

Appellee Jameson gave the tenant Greenhill actual notice that the rents had been assigned to him and demanded payment thereof. This demand was ignored. The tenant sold the landlord's share of the crops and received therefor the sum of $315.87, which he turned over to appellant. Appellant did not assert by plea nor show by proof any right on its part as a mortgagee out of possession to receive and appropriate the rents from said farm for the year 1931.

Appellee Jameson thereafter instituted this suit in the county court against Burck, Greenhill, and appellant. He prayed for judgment against Burck as the maker of said note for the amount thereof and against Greenhill and appellant for the value of the rents converted by them. Appellant pleaded a general denial, and filed, in addition thereto, an affidavit attacking the deed conveying said land to Burck as aforesaid, as a forgery. A trial to the court resulted in a judgment in favor of Jameson against Burck and appellant for the sum of $372.72, being the amount of said rents and interest accrued thereon at the time of trial, and a further judgment against Burck for the remainder of his debt to appellee in the sum of $302.28. By agreement of all parties, judgment was rendered in favor of the tenant Greenhill.

## Opinion.

 Appellant presents appropriate propositions in which it contends that the effect of its affidavit of forgery was to impose upon appellee Jameson the burden of proving the validity of said deed in its altered form and an effective delivery thereof, and that he failed to make such proof. Appellant's contention concerning the burden of proof is supported by the authorities and seems to be tacitly conceded by appellee. Rudolph v. Hively (Tex.Civ.App.) 188 S.W. 721, 723, par. 5

(writ refused); Alamo Trust Co. v. Cunningham (Tex.Civ.App.) 203 S.W. 413, 414, par. 3, and authorities there cited; Lancaster v. Snider (Tex.Civ.App.) 207 S.W. 560, 562, par. 5. Appellee could, of course, discharge such burden by the introduction of any competent evidence sufficient to sustain the validity of said deed. Cox v. Cock, 59 Tex. 521, par. 3. Burck was in possession of the deed under consideration as the agent of the bank. The representative of the bank declined to accept the same on the ground that the land was overburdened with encumbrance and the legal title thereto without substantial value. He also consented that Burck might take the property to which the bank was entitled and which he as its representative had refused to accept, and that the deed might be changed accordingly. F. L. Denison, an active member of the partnership which owned the land, having also consented that Burck should take the land and that he should change the deed by erasing the name of the original grantee and substituting his own, we think his action in doing so was not in legal effect materially different from the act of one who, with authority to do so, inserts the name of a grantee in a deed executed with such name left blank. It was formerly the rule in this state that a deed executed with a blank left for the name of the grantee could pass no title, but the later cases have repudiated that view and it is now held that when such blank has been filled with either express or implied authority from the grantor, such an instrument does operate to pass the title to the land described therein. 2 Tex.Jur. p. 709, § 17; Threadgill v. Butler, 60 Tex. 599, 600 et seq.; Ragsdale v. Robinson, 48 Tex. 379, par. 5. It seems to be settled in this state that land which is a part of the stock in trade of a partnership may be conveyed by one member thereof and that his conveyance will be binding upon the partnership if he had authority at the time to make the same, or if such action be subsequently ratified by the other partner or partners, even by parol assent. Frost v. Wolf, 77 Tex. 455, par. 7, 14 S.W. 440, 19 Am.St. Rep. 761; Williams v. Meyer (Tex.Civ. App.) 64 S.W. 66; Lowery v. Drew, 18 Tex. 786; Baldwin v. Richardson, 33 Tex. 16; McGahan v. National Bank of Rondout, 156 U.S. 218, 15 S.Ct. 347, 351 (bottom 1st column), 39 L.Ed. 403. When the deed from F. W. Denison conveying the land involved herein to said bank was executed and given to Burck to tender to it, F. L. Denison, the other partner, was present and assented to such action. When the issue of the change of grantee therein arose, both the bank as the original grantee and F. L. Denison as partner and co-owner with F. W. Denison of the land described therein, consented to the substitution of the name of Burck as the grantee in said deed and authorized him to make such change. Subsequently, F. W. Denison, who had always concurred in the acts of his father in the control and management of the partnership property, upon being informed of such change, acquiesced therein. Under the testimony and the authorities above cited, said deed was not a forgery in the hands of said Burck, but was prima facie valid and sufficient to vest title in him. See in this connection, Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215; Threadgill v. Butler, supra; Ragsdale v. Robinson, supra; Henke v. Stacy, 25 Tex.Civ.App. 272, 61 S.W. 509.

■■ Appellant's contention that there was no delivery of the deed to Burck for the purpose of investing him with title to the land therein described seems to be based on the fact that F. W. Denison, who signed said deed, did not participate in the transactions which resulted in the erasure of the name of the original grantee and the substitution of the name of Burck therefor. We think, so far as this issue is concerned, that delivery of such deed by F. L. Denison, an active member of the partnerhip and co-owner of the land, who agreed to and authorized the consummation of such transaction, and the subsequent acquiescence in such action by F. W. Denison, was as effective as if he had participated in such transaction before it was consummated. The law prescribes no form of words or action to constitute delivery. Actual manual delivery of the writing is not necessary. The manner of doing the act is unimportant, provided it is the manifest intention of the grantor to deliver, and any act or declaration on his part denoting an intention to give a present effect to the executed conveyance is said to be sufficient. The question of the delivery of the deed being one of intention on the part of the grantor, it is to be determined from all the facts and circumstances. The instrument must be placed within the control of the grantee with the purpose that it shall become operative as a conveyance and with the intent on the part of the grantor to relinquish control of it. 14 Tex.Jur. p. 820 et seq.,

§§ 58 and 59; Steffian v. Milmo Nat. Bank, 69 Tex. 513, par. 2, 6 S.W. 823; Hubbard v. Cox, 76 Tex. 239, pars. 1 and 2, 13 S.W. 170; Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 662, par. 1, 5 A.L.R. 1660; Haraway v. Haraway (Tex.Civ. App.) 59 S.W.(2d) 249, 251, pars. 1 and 2 (writ refused); Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Gilbert v. McSpadden (Tex.Civ.App.) 91 S.W.(2d) 889, pars. 1 and 2 (writ refused); Cox v. Payne, 107 Tex. 115, par. 1, 174 S.W. 817; Brown v. Rodgers (Tex.Civ.App.) 248 S.W. 750, par. 2; City of Corpus Christi v. Guth (Tex.Civ.App.) 68 S.W.(2d) 546, par. 2 (writ refused); Farrell v. Comer (Tex.Civ. App.) 84 S.W.(2d) 300, par. 2. When, at the time the delivery of a deed is to be effected, the grantee therein is in manual possession thereof, subject to the right of the grantor to recall, we think, under the authorities, that the renunciation by the grantor of such right to recall, coupled with the intention that such deed shall then and there become operative as a conveyance, constitutes an effective delivery. Such being the situation in this case, we think a sufficient showing of delivery was made.

The judgment of the trial court is affirmed.