**HALE et v HALE et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3102. Decided Dec. 5, 1938.

R. B. Meade, Akron, for appellees.
Musser, Kimber & Huffman, Akron, for appellants.

**OPINION**

By DOYLE, J.

Caroline C. Hale, in her lifetime. petitioned the Court of Common Pleas of Summit County, Ohio, to determine, in a declaratory judgment, the validity of a certain written instrument described in her petition, and to establish the title to certain real property described in the said instrument.

It appears that Caroline C. Hale was the wife of Elziver L. Hale. At the time of their marriage in 1902, Elziver, the husband, was the father of four children, the fruit of a former marriage. In 1912 Elziver acquired title to the property which is the subject of this controversy, and from that time it became

the homestead of the family. In the year 1913 he executed a paper purporting to be a quit-claim deed of the homestead to his wife Caroline. In it is contained all of the formal requisites of a deed: a clause disclosing a consideration of one dollar received to the full satisfaction of the grantor, an adequate description of the property, a proper acknowledgment of the grantor before an officer empowered by statute to so act, and the necessary number of witnesses. Caroline, the grantee, likewise signed the purported deed, but executed no acknowledgment before an officer. Following the description of the property appears the following disturbing language:

"In case of the death of E. L. Hale this deed to be valid in law.
"In case Caroline C. Hale dies first, then this deed shall be void."

In the year 1937 E. L. Hale died. His wife Caroline survived him until February, 1938.

Subsequent to the death of E. L. Hale, the surviving spouse recorded the instrument, and filed her petition for a declaratory judgment as aforesaid. She named as defendants her husband's four children by his prior marriage, and a bank which had become the executor of her husband's estate.

Various witnesses were heard in the trial court, and exhibits were admitted in evidence and examined, all of which appears of record in the bill of exceptions now before this court. A judgment was there rendered holding the controversial instrument to be a valid deed, conveying first a "qualified fee", which in the course of events became a "permanent fee". From this judgment the defendants perfected their appeal to this court on questions of law.

At the time of the trial the court was not assisted by the testimony of any of the persons whose names appear on the instrument, nor by any other persons familiar with the facts surrounding its execution. All were dead.

It is an elementary principle of law that a deed to be operative as a transfer of the ownership of land or an interest or estate therein must be delivered. "It is delivery that gives the instrument force and effect."

16 Am Jur., Deeds, Sec. 110, et seq.

13 O. Jur., Deeds, Sec. 58, et seq.

The record discloses the testimony of witnesses on this subject. From these witnesses and from the logical inferences to be drawn from their testimony, the members of this court are unable to say as a matter of law that the determination of the trial judge, who sat as a trier of the fact, that the deed was delivered, is not sustained by sufficient evidence.

The state of the record as it comes before us on this point is such that reasonable minds could reasonably conclude that a manual delivery satisfying all legal requirements was consummated.

Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469.

The appellants contend, however, that "the delivery or nondelivery of the writing is not decisive of the legal question involved"; that the evidence and the controversial clause in the instrument discloses an intention of the grantor "to continue his ownership of the property throughout his life, and that his wife * * * was not to be considered the owner of the property at any time during the life of the grantor"; and that "Mr. Hale evidently intended by this writing that upon his death if he predeceased his wife, Caroline, the property should be hers, and inasmuch as such writing did not have the **requisites of a will**, the same could not then serve as any conveyance of his property." Emphasis ours).

From the quoted parts of the appellants' contention, supra, the writer of this opinion concludes that it is their claim that, regardless of a physical delivery of the instrument from the husband to the wife, and her continued possession of the same, an essential and controlling element is lacking: to-wit,

the grantor's intention to pass present title to the property to the grantee.

The rule is well grounded in our jurisprudence that the intent of the grantor is a paramount consideration on the question of the delivery of a deed. A delivery which will pass title occurs only when the grantor parts with his dominion over the deed with the intention to pass title.

13 O. Jur., Deeds, Sec. 79.

Butts v Richards, 152 Wis. 318, 140 N. W. 1, 44 L.R.A. (N.S.) 528.

Gilbert v McSpadden, 91 S. W. (2d) 889.

What did the grantor mean by the provision "In case of the death of E. L. Hale (grantor) this deed to be valid in law. In case Caroline C. Hale (grantee) dies first, then this deed shall be void"?

Judge Fritch, the trial judge, in ruling upon the evidence, held that—

"The deed does not contain any power of revocation to be exercised by the grantor. The intention of the grantor and that of the grantee, as evidenced by the language of the deed, was to convey the property to the grantee and vest title in her, but to provide that the grantee's estate should terminate upon the happening of an event which might or might not happen, but which did not happen and which, in the circumstances, cannot now happen. * * *

"If the grantor did not intend to convey a present interest to his wife at the time he made the deed, then there was no purpose or reason for placing in the deed the provision that it should become void in case Mrs. Hale died first. If the grantor did not intend to deliver the deed to Mrs. Hale and convey the property to her when he made this deed, then, of course, this same provision, that the deed should be void in case she died first, is entirely useless and there could be no purpose or motive in inserting this provision."

In law what is commonly referred to as a delivery has two meanings: first, the manual delivery of the instrument, and, second, the conveyance or delivery of the title. When there is an unconditional manual delivery and there is nothing to show to the contrary, there is conclusively a delivery of title. Manual delivery is proved in this case, and that carries with it the delivery of title, unless the terms of the deed are such as to show the contrary intention. (See **Baldwin et v The Pres. et of the Bank of Massillon, 1 Oh St 141, at p. 148**, on question of delivery to grantee as an escrow upon certain conditions.)

Assuming, therefore, for the instant case that the trial judge correctly found that there had been a manual transfer of the instrument, do the terms of the deed show a contrary intention?

In accordance with the views expressed by the trial judge, we are of the thought that, where the terms of a deed show the intention of the grantor to be that title is to pass upon the happening of a contingency which is bound to happen within the laws of nature, and the grantor does not retain and reserve any right and control over it, it is deemed the grantor's deed presently, to take effect at the time of the happening of the contingency. And if there is a manual transfer of a deed from a grantor to a grantee with a condition that it shall "be valid" upon the death of the grantor and without reserving or retaining any right or control over the delivery, and such grantor does die before the grantee, other language stipulating that the deed shall be void if the grantee dies first is of no effect in law, for the reason that it is language in conflict with the apparent intention of the grantor as evidenced by the actual manual delivery of the instrument. Regardless of this, however, the condition upon which the stipulation was to become operative did not occur and now never can.

The judgment is affirmed.

STEVENS, PJ. & WASHBURN, J., concur.