**HONSINGER et ux. v. HONSINGER.**

**No. 5324.**

Court of Civil Appeals of Texas. Amarillo.

June 30, 1941.

Nelson & Brown and Geo. W. McCleskey, all of Lubbock, for appellants.

Levens & Benson, Geo. S. Berry, and Robert Howard, all of Lubbock, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, Mrs. Eula Moore Honsinger, a widow, against the appellants, W. H. Honsinger and wife Loretta M. Honsinger. The first count of the petition was the statutory form of trespass to try title to certain lots in the town of Ropesville, Hockley County, Texas. In a second count she sought specific performance of a contract to convey the property to her, alleging that W. H. Honsinger had executed, acknowledged and delivered to her a deed conveying the fee simple title to the property which deed W. H. Honsinger thereafter altered by changing the conveyance from a fee simple estate to only a life estate. From an adverse judgment in a trial before the court without a jury the appellants have prosecuted this appeal. Since Mrs. Loretta Honsinger has no actual interest in this litigation we shall hereafter refer to W. H. Honsinger as the appellant.

The appellee is the surviving wife of John W. Honsinger who died in Hockley County in 1937. W. H. Honsinger, who resides in Butte, Montana, is the deceased's son and only child by a former marriage. There were no children of the second marriage. The appellee was married to the deceased in 1914. At such time and prior thereto the deceased was the owner of about a section of land in Cook County, Texas. The testimony does not reveal whether this land was the separate property of the deceased or the community estate of the deceased and his former wife. At any rate, after the second marriage this land was sold for $11,000 and a portion of the money received from the sale was invested in the town lots herein in controversy. The appellee testified that only a portion of the $11,000 was used in the purchase of the Ropesville property and that all the money so used from such fund was later replaced in such fund by the deceased. In this connection the appellee claimed that all of the property in Ropesville was the community property of herself and her deceased husband, which theory was adopted by the trial court in his findings of fact. The appellant claimed the property was the separate property of his deceased father. Under our view of this case this issue becomes immaterial.

The testimony further showed that at the time of the deceased's death there was left in his name $1,000 worth of utility stock and a $1,000 postal savings certificate. There was also a 1929 model Chevrolet automobile and a $150 bank account.

A short time after the death of John W. Honsinger, the appellee requested the appellant to come to Texas for a settlement of their respective rights in the estate of the deceased. After his arrival a will was found dated in 1922 wherein the deceased had bequeathed $10,000 to his son. The property of the deceased not being worth this amount by mutual agreement between the parties the will was destroyed by the appellant. Thereupon a settlement of the estate was made, the exact terms of which not being revealed by the testimony. But after some sort of an agreement was reached the appellee and the appellant went to an attorney's office in Hockley County and requested him to prepare a deed conveying the fee simple title of the Ropesville lots from the appellant to the appellee. After these instructions were given the parties then went to the post office to get the $1,000 certificate for the appellant. They there encountered some legal difficulties with the postal authorities in regard to the delivery of the certificate without an order of court, whereupon the appellee gave the appellant a $500 postal certificate which was in her own name. She was later reimbursed in such amount out of the proceeds of the $1,000 certificate of the deceased, the appellant receiving the balance and thus obtaining the full benefit of the deceased's $1,000 postal savings certificate. He also received the $150 bank account of his father and the 1929 Chevrolet automobile.

After the attorney had prepared a deed as requested he brought it the same day to the home of the appellee where the appellant executed and acknowledged it. Thereupon in the presence of the appellant the attorney handed the deed to the appellee

and she placed it upon a table in her home. At such time this deed purported to convey the fee simple title of the lots to appellee.

It seems that both the appellant and the appellee intended for the appellant's wife, who remained in Montana, also to execute and acknowledge the deed. For what purpose we do not understand as she could have had no interest in the property. The appellee testified that she intended to mail the deed to appellant's wife for the latter's signature and acknowledgment. The appellant it seems understood that he was to take the deed with him upon his return to Montana. Early the next morning after the execution of the deed the appellant left in the Chevrolet automobile for his home in Montana taking with him the deed. Some time later he returned the deed to the attorney who had drawn it. Upon its receipt the deed had been altered by the appellant without the authorization or consent of the appellee so as to include the appellant's wife as a grantor and the grant had been changed from a fee simple estate to a life estate with reversion to the appellant and his wife at the death of the appellee. The appellant's wife had executed and acknowledged the deed in its altered form. This conduct precipitated the filing of the instant suit.

As we view this case there is only one question in it and that is whether or not the deed in its original form was operative as a conveyance of the fee simple title of the land from the appellant to the appellee. This issue has been resolved in appellee's favor by the trial court. The court found that the deed in its original form passed into the exclusive control and possession of the appellee with the intention of passing the fee simple title of the property from the appellant to the appellee. Such finding is sufficiently supported by the testimony which establishes a delivery sufficient to operate as a conveyance from the appellant of the estate mentioned in the deed in its original form. Such being true the subsequent unauthorized alterations of the deed by the appellant become immaterial in so far as the prior vested rights and title of the appellee are concerned. The court was therefore warranted in rendering the judgment in appellee's favor for the title and possession of the land. Cox v. Payne, 107 Tex. 115, 174 S.W. 817; Steffian et al. v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823; Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660; Henry et al. v. Phillips, 105 Tex. 459, 151 S.W. 533.

The judgment is affirmed.