Sidney. P. CHANDLER et al., Appellants,

v.

CITY OF CORPUS CHRISTI et al.,
Appellees.

No. 12711.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 15, 1954.

Rehearing Denied Nov. 10, 1954.

Sidney P. Chandler, Corpus Christi, for appellants.

I. M. Singer, S. E. Dyer, J. M. Burnett, Walter Dunham, Jr., Corpus Christi, Denman, Franklin & Denman, San Antonio, Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellees.

NORVELL, Justice.

The City of Corpus Christi and others, defendants below, filed two motions for summary judgment. One motion was based upon the doctrine of res judicata, while the other asserted that judgment should be rendered for the city and its codefendants under a proper construction of the conveyance involved, namely, a deed from Henry Guth to the City of Corpus Christi, dated August 5, 1931. Both motions were granted by the trial court and judgment rendered for the defendants.

The case has been exhaustively briefed and while we are inclined to agree with the trial court that under a proper construction of the deed appellants were not entitled to the relief prayed for in their petition, Article 1291, Vernon's Ann. Civ.Tex.Stats.; Olcott v. Gabert, 86 Tex. 121, 23 S.W. 985; Hughes v. Gladewater County Line Ind. School District, 124 Tex. 190, 76 S.W.2d 471, we base our decision upon the proposition that appellants' de-

mands for relief are barred by a former decree of this Court. In our opinion, the Supreme Court's decision in Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152, controls the disposition of this case. Having arrived at this conclusion, there is no necessity for writing upon other points raised and discussed in the briefs. Rule 452, Texas Rules of Civil Procedure.

The motion and supporting affidavits disclose that there is no genuine issue of fact in the case and that a question of law only is presented. It appears from the pertinent record that on August 5, 1931, Henry Guth executed a deed conveying to the City of Corpus Christi all of Block 2 of the South Beach Addition to said city. The stated consideration was "for and in consideration of the sum of One and No/ 100 Dollars ($1.00), receipt whereof is hereby acknowledged, to him paid by the City of Corpus Christi, Nueces County, Texas, and for a further and specific consideration that the premises hereby deeded must be used for a city cold storage plant and market place, or for a city bath house and sanatorium, an auditorium, or a City Park or Chautauqua, or for any or all of these purposes and no other, have granted, sold and conveyed," etc.

A printed form was evidently used in preparing the conveyance, and although no note was described in the deed, a recitation appears to the effect that a vendor's lien was retained against the property "until the above described note and all interest thereon shall have been fully paid according to——face and tenor, effect and reading * * *."

After the death of Henry Guth his heirs brought an action to recover title and possession of the property from the City of Corpus Christi. The petition was in the statutory form of trespass to try title, Articles 7364 and 7366 (now Rule 783), Vernon's Ann.Tex.Civ.Stats., and contained no allegations restricting the scope of the action in any way. The city filed a plea of not guilty and judgment in the trial court was rendered in favor of the heirs of Henry Guth for the recovery of "the title and possession" of the property. An appeal was taken and on January 10, 1934, this Court rendered the decree reversing the judgment of the trial court and rendering judgment in favor of the City of Corpus Christi. City of Corpus Christi v. Guth, Tex.Civ.App., 68 S.W.2d 546. The decree of this Court provided that the appellees in said cause (the heirs of Henry Guth) "take nothing by their suit against appellant, City of Corpus Christi, and that the City of Corpus Christi be quieted in its title to the land which is the subject matter of this suit; * * *."

The parties in the present suit are either the heirs of Henry Guth or their assigns. They contend that they are entitled to recover title to the land or, in the alternative, to have a vendor's lien foreclosed against the property to enforce the payment of certain alleged rents and damages.

Appellants' claims grow out of the following facts and circumstances: The City of Corpus Christi having constructed certain shore and sea wall improvements, including parks, decided through its governing board that the land in controversy was no longer suitable for park purposes. The property was thereupon sold and conveyed to Joske Bros. Company, an appellee herein, and the proceeds derived from such sale were used to purchase another tract of land deemed more suitable for park purposes. The tract so purchased was named Guth Park, in memory of Henry Guth, and set aside for the use of the public as a park and recreation center.

It is the contention of appellants that the discontinuance of the use for park purposes of the particular block conveyed by Henry Guth to the city constituted a breach of the provision of the deed which provided that the premises "must be used for a city cold storage plant and market place, or for a city bath house and sanatorium, an auditorium, or a City Park or Chautauqua," etc. They further say that the only

point decided by this Court in the prior litigation was that there had been an effective delivery of the Henry Guth deed to the city, and hence the judgment of this Court did not operate as a bar to their claim to title to the property or their assertion of a vendor's lien against it. See City of Corpus Christi v. Guth, Tex.Civ. App., 68 S.W.2d 546.

The applicable Supreme Court authorities are against appellants' contention. While it appears that the only specific point of law discussed by this Court in its opinion was one dealing with the question of the delivery of the deed, the scope of operation of the judgment is not necessarily reflected by the opinion but rather by the judgment itself and the judgment roll. While the comparison of a lawsuit to a game or contest may be inappropriate in most instances, it is nevertheless true that the plaintiff in a suit involving land or interests in land may, in many instances, determine the stakes for which he will play. If he wishes to place the title to the lands itself in its entirety at issue, he may plead accordingly, but if he does not desire to do so, he may limit the scope and extent of the litigation by appropriate pleading. Having elected a battle upon the broader front by selecting the general statutory pleading, the scope and effect of the resulting unfavorable judgment may not be restricted to the exact legal points considered or discussed by the trial or appellate court in arriving at its ultimate decision. Under the doctrine of res judicata the judgment controls, rather than the reasons given for the judgment, or, as expressed by Judge Robertson in Sheffield v. Goff, 65 Tex. 354, "A party is bound by the judgment, but not the logic, of courts."

In Permian Oil Co. v. Smith, 129 Tex. 413, 453, 73 S.W.2d 490, 107 S.W.2d 564, 570, 111 A.L.R. 1152, 1181, the Supreme Court unequivocally stated that:

"In this state a petition limited to the statutory form of trespass to try title always puts in issue both title and possession. Any one of a number of facts may determine the issue, but the cause of action remains the same. If the plaintiff seeks to limit the issue to one of such facts, he must do so by special pleading in appropriate form."

In Poth v. Roosth, 146 Tex. 7, 202 S.W.2d 442, a case involving additional pleadings to the statutory form, the rule of Permian Oil Co. v. Smith was recognized as the settled law of Texas. It follows therefore that any and all claims asserted by appellants here are effectively barred by the former adjudication of this Court. And, as pointed out in appellees' brief, this rule is in accordance with a sound public policy. Land is basic in our economic structure and is subject to repeated sales and transfers. The statutory action of trespass to try title plays an important role in determining the validity and marketability of land titles. A judgment either for a plaintiff based upon a statutory pleading or a "take nothing" judgment for a defendant in such suit should possess the quality of finality in regard to the question of title. Parties and privies should be held concluded so that a title examiner can with confidence state his title opinion from an inspection of the judgment and the statutory pleading. Such is the clear intent of the law. Article 7391, Vernon's Ann.Tex.Stats.; Permian Oil Co. v. Smith, supra; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044. Bankers Home Building & Loan Ass'n v. Wyatt, 139 Tex. 173, 162 S.W.2d 694.

The judgment appealed from is affirmed.